Commonwealth *v.* Pollack, Appellant.

Argued October 13, 1953. Before RHODES, P. J.; HIRT, RENO, ROSS and GUNTHER, JJ.

*Jacob Weinstein*, with him *Harry Kaufman*, for appellant.

*Samuel Dash*, with him *Stanley L. Kubacki*, Assistant District Attorneys, *Michael von Moschzisker*, First Assistant District Attorney and *Richardson Dilworth*, District Attorney, for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

This is an appeal from a conviction and sentence on the charge of receiving stolen goods. The case was heard by a judge without a jury.

The evidence disclosed the following facts. The prosecutor, Caplan, who operated a restaurant equipment business, began to notice that stock was disappearing and set up an inventory system to check the losses. Later, it was noticed that an electric toaster of the kind used in restaurants, the serial number of which had been noted, was missing. It was found in the show window of a competitor, who was offering it for sale for the benefit of one of its customers, one Harry Gansky. The latter testified that he bought it from the defendant, but then found no use for it and tried to sell it. Gansky, who was in the restaurant business, stated that the defendant, who operated a newsstand nearby, offered him the toaster as the property of one of defendant's customers who had bought it for a luncheonette but no longer needed it. Gansky

gave the defendant $35 for the toaster, although its retail value was much higher. The defendant testified essentially to the same story, but stated that he did not know the identity of the man from whom he obtained the toaster but admitted he received $5 for his services in procuring a buyer.

The defendant now attempts to invoke the best evidence rule in respect to the identification of the toaster. He complains that the inventory slip showing the serial number of the stolen toaster was not introduced, and concludes that, since the identification was explained by oral evidence only, the matter was proved by secondary evidence. The best evidence rule requires that a writing be produced only when the contents thereof are in issue. If the matter to be proved exists independently of the writing and can be satisfactorily established by parol evidence, the latter is equally primary. *Cupples, Jr. v. Yearick,* 99 Pa. Superior Ct. 269. The matter to be proven here was that a toaster was stolen, not the serial number in the inventory. If the inventory were required to be produced, it would follow that the toaster be brought into court in order to compare the serial numbers. Such methods of proof of theft are not required, any more than the courts would require a stolen car to be introduced as evidence.

The other allegations of error go to the proof that the defendant received the toaster knowing it to be stolen. Unexplained possession in the defendant of property recently stolen is evidence of guilt. *Commonwealth v. Roth,* 169 Pa. Superior Ct. 88, 82 A. 2d 710; *Commonwealth v. Joyce,* 159 Pa. Superior Ct. 45, 46 A. 2d 529. Since the Commonwealth had no direct proof of defendant's guilty knowledge, it remains to examine the reasonableness of defendant's explanation of his possession of the toaster. His story was deemed "unconvincing" by the court below. If his explana-

624

tion, which is clearly for the trier of fact, is disbelieved, his possession remains unexplained and is therefore evidence against him. In addition, there was evidence that the toaster was worth much more than the price asked by defendant, a fact which may give rise to an inference of guilt. Also, Gansky testified that the defendant told him conflicting stories as to his possession of the goods. One version was that the defendant's unidentifiable friend merely asked him to find a buyer for the toaster; the other was that defendant had bought it for $25.

The evidence demonstrated an unexplained disappearance of the toaster under circumstances warranting an inference of theft, possession by defendant, a sale by defendant at a low value, and two contradictory explanations by him, neither of which was credible. The evidence was sufficient to support the conclusion of the court below. Cf. *Commonwealth v. Meyers*, 154 Pa. Superior Ct. 8, 34 A. 2d 916.

Judgment of sentence affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called for compliance with the sentence.