385 A.2d 525

**COMMONWEALTH of Pennsylvania**

v.

**Adolphus ADAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided April 13, 1978.

David E. Auerback, Assistant Public Defender, Media, for appellant.

D. Michael Emuryan, Assistant District Attorney and Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

■ Appellant was convicted by a jury of conspiracy, although acquitted on other charges. On this appeal he argues that the evidence was insufficient to sustain his conviction. We agree.[1]

■ "[T]he test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting, as true all the evidence and all reasona-

1. Appellant also contends on this appeal that his petition under Pa.R.Crim.P. 1100(f) should have been granted. Appellant only filed

ble inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Frye*, 433 Pa. 473, 481, 252 A.2d 580, 584 (1969).

The record read in the light most favorable to the Commonwealth discloses the following pertinent facts. On August 18, 1974, one Annie Waholek heard a noise in the hallway of her apartment building. She looked through the peephole of her front door and saw two men tampering with an apartment door down the hall, and one man pacing up and down the hall. She called the police, who arrived within five minutes. N.T. 4–10. When the police arrived they found appellant sitting in a white Cadillac, with the motor running, right in front of the entrance to the apartment building. Just then four men came running out of the building. The police stopped them, and told them to put their hands on the Cadillac; the police also told appellant to get out of the Cadillac. No contraband or weapons were found on appellant. N.T. 23–37.

 "To sustain a conviction, the facts and circumstances which the Commonwealth prove must be such that every essential element of the crime is established beyond a reasonable doubt. Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture." *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973) (citations omitted).

 To sustain a conviction for conspiracy the evidence must include proof, which may be circumstantial, of an agreement between the parties to perform an illegal act.

boiler plate post-trial motions. To be preserved for our review, an issue must be specifically raised in a post-trial motion. *See Commonwealth v. Hilton*, 461 Pa. 93, 334 A.2d 648 (1975). Here waiver may not be assumed since the record does not disclose whether or not the trial judge complied with Pa.R.Crim.P. 1123(c). Since, however, we find this evidence insufficient, we need not decide whether appellant has preserved the Rule 1100 issue for our review.

*Commonwealth v. Esposito,* 236 Pa.Super. 127, 344 A.2d 655 (1975); *Commonwealth v. Armbruster,* 225 Pa.Super. 415, 311 A.2d 672 (1973). Here, the evidence merely established appellant's presence at the scene of the crime. Mere presence is not sufficient to establish that one is an active partner in another's intent to commit a crime. *Commonwealth v. Fields,* 460 Pa. 316, 333 A.2d 745 (1975). *See Commonwealth v. Roscioli, supra; Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972). There was no other fact, other than presence at the scene, to link appellant to the crime. *Cf. Commonwealth v. Roscioli, supra* (flight); *Commonwealth v. Wright,* 235 Pa.Super. 601, 344 A.2d 512 (1975), and *Commonwealth v. Esposito, supra* (presence of contraband and alleged perpetrators in getaway car). In particular there was no evidence to establish that appellant either knew that a burglary was in progress (or planned) or even that he was acquainted with any of the men who were inside of the building. To infer any of these facts on the basis of this record would be to sustain a conviction based wholly on suspicion and conjecture.

The judgment of sentence is reversed and appellant is discharged.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE and VAN der VOORT, JJ., concur in the result.