427 A.2d 227

**COMMONWEALTH of Pennsylvania**

v.

**Charles Paul AXE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed March 20, 1981.

Petition for Allowance of Appeal Denied Oct. 12, 1981.

---

290

Joseph P. Sebestyen, Jr., Sharon, for appellant.

Charles S. Hersh, Assistant District Attorney, Hermitage, for Commonwealth, appellee.

Before SPEATH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for robbery [1] and receiving stolen property.[2] We have concluded that the judgment of sentence for receiving stolen property should be set aside for insufficient evidence,[3] but that the judgment of sentence for robbery should be affirmed.

### 1

On January 2, 1979, at about 11 p. m., two men committed a robbery at the North Sharon Fire Hall in Mercer County. The robbers took $1,000 in bingo receipts. The police found two sets of footprints in the snow, leading to the fire hall from a blue Pontiac, parked one block behind the hall. No footprints led from the hall back to the Pontiac, but two sets did lead from the hall in another direction. The police

[1]. 18 Pa.C.S.A. § 3701.

[2]. 18 Pa.C.S.A. § 3925.

[3]. Because of this conclusion, we do not reach an argument by appellant concerning the validity of a search warrant.

followed these, and one set led to appellant, hiding behind a tree. The other set led to a garage, and from there, with the help of two dogs, to the house of appellant's co-defendant, Guy Charles Veres.

Earlier on January 2, sometime before 9:15 p. m., the house of Martin Stein, in Sharon, had been burglarized and various items taken from it. The police found two sets of footprints leading from a broken window of the house to tracks made by an automobile.

Appellant does not argue that the evidence was insufficient to show that he was one of the robbers in the fire hall. His argument is that it was insufficient to show that he received any of the items stolen from the Stein house. The argument that the evidence was sufficient to show that appellant received stolen goods from the Stein house may be stated as follows. When the police followed Veres's footsteps from the fire hall to the garage, they found a hat, and inside it, some of the items stolen from the Stein house. The police also found some of the items stolen from the Stein house in the blue Pontiac parked behind the fire hall. The Pontiac was owned by Veres's brother. From this evidence, it is apparent that Veres first committed the burglary of the Stein house, sometime before 9:15 p. m., and then the robbery of the fire hall, at about 11 p. m. We know from the footprints outside the Stein house that he committed the burglary with someone else. It is reasonable to infer that that someone else was appellant, on the basis of two facts: first, appellant was Veres's fellow robber at the fire hall; and second, the police found in the Pontiac a set of keys to appellant's Plymouth.

▮▮ Without doubt, the Commonwealth was entitled to prove its case entirely by circumstantial evidence. *Commonwealth v. Herman*, 271 Pa.Super. 145, 412 A.2d 617 (1980); *Commonwealth v. Patterson*, 257 Pa.Super. 206, 390 A.2d 784 (1978); *Commonwealth v. Adams*, 254 Pa.Super. 62, 385 A.2d 525 (1978). The circumstances proved, however, had to fit so closely together as to justify a finding of guilt beyond a reasonable doubt. *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1978). Here, we have concluded that they

do not fit so closely. There was no evidence that one of the two sets of foot prints outside the Stein house had been made by appellant. None of the items stolen from the Stein house was found in appellant's possession. Nor did any other evidence show that appellant had been in the Stein house—such as fingerprints, or an article of appellant's clothing in the house, or appellant being seen in the vicinity of the house. The evidence therefore did not exclude the possibility that appellant got into the Pontiac and rode with Veres to the fire hall to commit the robbery only after Veres and someone else who remains unidentified had committed the burglary of the Stein house. We are informed that the burglary was "sometime before 9:15 p. m." [4] No one testified to having seen appellant in the Pontiac. He may therefore have gotten into it just shortly before 11 p. m. to go to the fire hall. Of course, we cannot help but suspect that appellant and Veres committed the burglary together, as they committed the robbery together. Given the gaps in the evidence, however, we are unable to say that the suspicion is so strong as to ripen into proof beyond a reasonable doubt.

### 2

Appellant argues that the lower court abused its discretion in refusing to grant a mistrial after the following exchange occurred during the cross-examination of Commonwealth witness Frank Scarmack, one of the two robbery victims:

Q: [by Joseph Sebestyen, defense counsel]: So you couldn't identify that individual [the person accompanying Veres at the robbery who struck the other robbery victim]—

A: At that time.

4. Brief for Commonwealth at 9. We have not been furnished with a full transcript of the trial, and therefore have been unable to determine by whose testimony the times of the burglary was fixed. Since the Commonwealth is entitled to have the evidence viewed in the light most favorable to it, *Commonwealth v. Tilman*, 273 Pa.Super. 416, 417 A.2d 717 (1980), we have cited its statement of the facts on this point.

Q: At the preliminary hearing?

A: Yeah.

Q: And Mr. Axe was at the preliminary hearing, isn't that right?

A: Yes.

Q: And you couldn't point him out and say that was the attacker of Mr. Moran?

A: No.

Q: And you can't do that today, can you?

A: Well, I think everybody knows it was him.

THE COURT: Oh, excuse me, that's not responsive to the question, members of the jury, please disregard the answer.

MR. SEBESTYEN: Your Honor, I would like to—

THE COURT: Just a moment. Disregard that. It's not a responsive answer and strike that from your mind. It has no bearing on the case.

(N.T. 69–70)

Appellant's counsel moved for a mistrial, which the lower court refused, stating that it regarded its cautionary instruction as having cured any prejudice resulting from the witness's remarks. (N.T. 70)

■■■ It is settled that not every irrelevant or unwise remark made in the course of a trial by a witness warrants the granting of a new trial:

A new trial is required when the remark is prejudicial, that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial. *Commonwealth v. Hales,* 384 Pa. 153, 154, 119 A.2d 520; *Commonwealth v. Stalone, supra,* 281 Pa. 41, 44, 126 A. 56; *Commonwealth v. Savor,* 180 Pa.Super. 469, 119 A.2d 849, affirmed in 386 Pa. 523, 126 A.2d 444; *Commonwealth v. Meyers,* 290 Pa. 573, 581, 139 A. 374. *Commonwealth v. Phillips,* 183 Pa.Super. 377, 382, 132 A.2d 733, 736 (1957).

*See also Commonwealth v. Goosby,* 450 Pa. 609, 301 A.2d 673 (1973); *Commonwealth v. Rebovich,* 267 Pa.Super. 254, 406

A.2d 791 (1979). Here we are satisfied that the lower court properly exercised its discretion in concluding that a new trial was not required. The witness's remark was a snap response, not responsive to any question, and did not undo the admissions elicited from the witness that he had not been able to identify appellant, and the court's cautionary instruction was immediate, specific, and firm.

The judgment of sentence for theft by receiving stolen goods is vacated. The judgment of sentence for robbery is affirmed.[5]

LIPEZ, J., files a concurring and dissenting statement.

LIPEZ, Judge, concurring and dissenting:

I agree with that portion of Judge Spaeth's opinion affirming the Judgment of sentence for robbery. However, as to the receiving stolen goods conviction, I dissent and would affirm on the opinion of President Judge Stranahan of the court below.

---

**5.** We see no need to remand for resentencing. The sentence for theft was one to two years, to be served concurrently with the sentence for robbery, which was two to five years. It is plain that to vacate the sentence for robbery and remand for resentencing would be a waste of time, for the lower court would simply re-impose the sentence vacated. *See, e. g., Commonwealth v. Thomas*, 278 Pa.Super. 39, 419 A.2d 1344 (1980); *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975).