445 A.2d 782

**COMMONWEALTH of Pennsylvania**

v.

**Julian DUMAS, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed May 14, 1982.

Athena M. Dooley, Philadelphia, for appellant.

Kenneth S. Gallant, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, CIRILLO * and HOFFMAN, JJ.

BROSKY, Judge:

Appellant, Julian Dumas, was convicted at a non-jury trial of bribery, tampering with a witness and criminal conspiracy. He filed post-verdict motions which were denied. Dumas was sentenced to three to eleven months imprisonment in Philadelphia County Prison on each charge. His sen-

---

* At the time this case was argued, Honorable Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania was sitting by designation.

tences were to run concurrently. This appeal followed. We affirm.

Dumas contends on appeal that: (1) his trial counsel was ineffective; (2) the trial court abused its discretion in imposing too severe a sentence; (3) there was insufficient evidence to support a conviction; (4) his demurrers were improperly denied; (5) the trial court erred in admitting prejudicial evidence and the trial court abused its discretion in not granting a mistrial on the basis of the improperly admitted prejudicial evidence.

The record indicates that Dumas and his codefendant, David Bell, conspired in an attempt to bribe Police Officer Edward Krystopa to testify falsely at a suppression case in which Bell was a defendant.[1] On February 7, 1977 and on February 14, 1977, Dumas met with the police to arrange for a bribe. On February 24, 1977, Dumas and Bell were arrested immediately after Bell gave Officer Krystopa $500 in an envelope. This comprised one-half of the bribe payment.

Dumas contends that his trial counsel was ineffective because counsel failed to request a severance of his case from that of codefendant. We do not agree.

In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967), our Supreme Court said:

We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, implying a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is deter-

1. Dumas and Bell were tried as codefendants. Bell has appealed to this court his conviction on the same charges. We affirmed the trial court. *Commonwealth v. Bell,* 296 Pa.Super. 564, 438 A.2d 635 (1981).

mined that trial counsel's decision had any reasonable basis.

(Emphasis added.)

■ A trial court may be petitioned for severance of a trial. The decision of that court lies within its discretion and that decision will not be reversed absent an abuse of discretion by the court. The critical factor we examine in determining whether the court has abused its discretion is whether the moving party is prejudiced as a result of the trial court's decision. *Commonwealth v. Iacino*, 490 Pa. 119, 415 A.2d 61 (1980); *Commonwealth v. Tolassi*, 489 Pa. 41, 413 A.2d 1003 (1980).

■ In *Commonwealth v. Sindel*, 205 Pa.Super. 355, 364, 208 A.2d 894, 899 (1965), we said:

As to Kulik, the statement charges him with the crime of abortion and not conspiracy to have Dr. Sindel perform an abortion, but there is nothing in the statement to establish a conspiracy between him and Dr. Sindel. Therefore any tacit admission by Kulik of the crime with which the statement charged him could not affect Dr. Sindel or the cases before us. However, we need not decide its effect on the defendant Kulik since we believe the ends of justice require that both appellants should be retried together and a new trial will include him as well as Dr. Sindel. Although coconspirators may be tried separately, *Heine v. Commonwealth*, 91 Pa. 145 (1879); *Commonwealth v. Brown*, 23 Pa.Super. 470 (1903), separate trials are not warranted under the circumstances of the present case.

It is apparent that had Dumas' counsel moved for severance of his client's trial from that of Bell, his likelihood of success was very small.

Nevertheless, trial counsel quite reasonably could have opposed making a request for tactical reasons. Dumas was being tried for conspiracy. Trial counsel could have determined that the joint trial would reflect favorably on his client. The record clearly indicates that counsel engaged in

extensive cross-examination to prove that Dumas' role in the alleged crimes was significantly less than that of Bell. This distinction would be particularly clear at a joint trial. Accordingly, we are unable to find trial counsel ineffective.

■ Next, Dumas contends that the sentence he received was too severe. "The imposition of sentence is a matter vested in the sound discretion of the trial judge whose determination will not [be] disturbed in the absence of a manifest abuse of discretion." *Commonwealth v. Williams*, 274 Pa.Super. 464, 475, 418 A.2d 499, 505 (1980). See *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979); *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978). "Under the Sentencing Code, a sentence must be imposed for the minimum amount of time that is consistent with the gravity of the offense, the rehabilitative needs of the defendant and the protection of the public." *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 196, 422 A.2d 894, 896 (1980). See also *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). "We may only order reconsideration where the sentencing judge has failed in his duties, either in a procedural sense, as for example failing to state the reasons for the sentence, or in a substantive sense, by imposing a manifestly excessive sentence." *Commonwealth v. Doyle*, 275 Pa.Super. 373, 390, 418 A.2d 1336, 1345 (1979). See *Commonwealth v. Straw*, 238 Pa.Super. 535, 361 A.2d 427 (1976). While the sentence received by Dumas was within the legal limits established in the sentencing code, we will not reach the merits of this issue having determined that Dumas failed to comply with Pa.R.Cr.P. 1410, which requires that a motion to modify a sentence be filed within ten days of the imposition of sentence. Accordingly, the issues is waived. *Commonwealth v. Koziel*, 289 Pa.Super. 22, 432 A.2d 1031 (1981).[2]

2. Dumas did not request the notes of testimony from the sentencing hearing. Rather, he relies upon the opinion of the trial court. The court said in its opinion:

Finally, a note concerning the sentence imposed by this Court should be made. This Court sentenced the defendant to not less than three (3) months nor more than eleven (11) months in Phila-

■ Dumas also contends that there was insufficient evidence to convict him of all counts. In *Commonwealth v. Rose*, 463 Pa. 264, 267–68, 344 A.2d 824, 825–26 (1975), our Supreme Court said:

The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all the elements of the crime had been established beyond a reasonable doubt ... Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced .... The fact-finder is free to believe all, part, or none of the evidence .... (Citations omitted.)

The evidence read in such a light reveals that on February 7, 1977 Dumas approached Officer Stokes asking if he could do anything for Bell. Dumas told Stokes that in return for his help the officer could be helped in City Hall or given money. Stokes told Dumas he was not on Bell's case. Dumas asked Stokes if he would speak to the arresting officer. Stokes introduced Dumas to the arresting officer, Officer Krystopa, on February 14, 1977. Then, the arrangements for a bribe were made. Dumas orchestrated this meeting. An agreement was arranged. On February 24, 1977, Bell paid Krystopa a $500 bribe.

Bribing is defined at 18 Pa.C.S.A. § 4701 as:

§ 4701. Bribery in official and political matters

(a) Offenses defined.—A person is guilty of bribery, a felony of the third degree, if he offers, confers or agrees

delphia County Prison. The defendant argues that since the sentencing guidelines suggest probation for this defendant, the sentence imposed by this Court is too severe. This Court feels, however, that participation in an attempt to bribe a police officer to change his testimony in a criminal matter is a serious offense which strikes at the very heart of our system of justice. To allow a defendant convicted of such an offense to return to the community with nothing more than probation would be even a greater miscarriage of justice.
(Trial Court Opinion pages 6 and 7.)
We are unable to find that Dumas' reliance on the trial court's opinion in any way preserves the issue for our review.

to confer upon another, or solicits, accepts or agrees to accept from another:

(1) ...

(2) any benefit as consideration for the decision, vote, recommendation or other exercise of official discretion by the recipient in a judicial, administrative or legislative proceeding; or ...

The evidence is clear that Bell conferred upon Officer Krystopa a $500 bribe. Bell was properly convicted of bribery. Dumas played an integral role in arranging for the payment of the bribe by Bell. Dumas was properly convicted under 18 Pa.C.S.A. § 306(c)(1)(i) and (ii).

■ Tampering with a witness was defined at the time of the commission of the offense as:

§ 4907. Tampering with witnesses and informants

(a) Offense defined.—A person commits an offense if, believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a witness or informant to:

(1) testify or inform falsely;

(2) withhold any testimony, information, document or thing except on advice of counsel; ...

We are satisfied that Dumas' guilt was properly proven, on this count under 18 Pa.C.S.A. § 306(c)(1)(i) and (ii).

■ Conspiracy is defined in the Crimes Code at 18 Pa.C. S.A. § 903 as:

§ 903. Criminal conspiracy

(a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

We have repeatedly held that an agreement may be inferred from the acts and circumstances of the parties. *Commonwealth v. Charles,* 270 Pa.Super. 280, 411 A.2d 527 (1980); *Commonwealth v. Kwatkoski,* 267 Pa.Super. 401, 406 A.2d 1102 (1979); *In Interest of Gonzalez,* 255 Pa.Super. 217, 386 A.2d 586 (1975); *Commonwealth v. Adams,* 254 Pa.Super. 62, 385 A.2d 525 (1978); *Commonwealth v. Kidd,* 251 Pa.Super. 140, 380 A.2d 416 (1977); *Commonwealth v. Horvath,* 187 Pa.Super. 206, 144 A.2d 489 (1958). We are convinced that the record supports a finding of a conspiratorial agreement. Therefore, we hold the conspiracy was proven by sufficient evidence.

Dumas asserts that the trial court improperly denied his demurrers to the charges of bribery and tampering with a witness. In a demurrer, a defendant admits all the facts which the Commonwealth's evidence tended to prove and all inferences reasonably deductible from those facts. 19 P.S. § 481 (repealed effective June 27, 1980).

In *Commonwealth v. Petrie,* 277 Pa.Super. 239, 243, 419 A.2d 750, 752 (1980), we said:

> Furthermore, the Commonwealth has failed to demonstrate that the trial court erred in sustaining Petrie's demurrer to the robbery charge. To avoid a demurrer in a criminal prosecution, the Commonwealth must come forward with evidence which establishes beyond a reasonable doubt each element of the crime charged. *Commonwealth v. Mason,* 483 Pa. 409, 397 A.2d 408 (1979). Therefore, the test to be applied in ruling on a demurrer to evidence by a defendant is whether the Commonwealth's evidence and all reasonable inferences arising therefrom are sufficient to support a verdict of guilty beyond a reasonable doubt of the crime under consideration. *Commonwealth v. Smith,* 262 Pa.Super. 258, 396 A.2d 744 (1978).

We have already determined that sufficient evidence existed to support the court's verdict. Accordingly, we hold that the demurrers were properly denied.

Next, Dumas argues that the trial court erred in admitting prejudicial evidence. Dumas states in his brief:

The court below erred in admitting certain prejudicial evidence and abused its discretion in not granting a mistrial on the basis of that evidence,

A. When the testimony regarding the amount and type of narcotics seized from the co-defendant and other details of the co-defendant's previous narcotics charge, was unnecessarily introduced at the outset of the trial, unnecessarily tainting the court in hearing the rest of the case and the subsequent sentencing of the defendant:

B. When the testimony regarding the defendant's February 7, 1977, conversation with the officer was improperly admitted, having occurred outside the scope of the conspiracy charged on the bill of information for alleged conduct on February 24, 1977, and tending to show evidence of other alleged criminal conduct by the appellant;

C. Despite testimony being admitted indicating material misrepresentation by the Commonwealth's witnesses.

(Appellant's brief, page 19.)

■ Our scope of review herein is very narrow. We will only reverse the decision of the trial court not to grant a mistrial where there has been a flagrant abuse of discretion. *Commonwealth v. Green*, 287 Pa.Super. 220, 429 A.2d 1180 (1981); *Commonwealth v. King*, 287 Pa.Super. 105, 429 A.2d 1121 (1981); *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975).

Our Supreme Court has stated that testimony relating to the prior criminal acts of a defendant may be introduced if it is relevant to prove motive, intent, absence of mistake or accident, common scheme, plan or design or identity. In *Commonwealth v. Brown*, 489 Pa. 285, 296–297, 414 A.2d 70, 75–76 (1980), our Supreme Court stated:

Appellant complains that the testimony relating to the robbery of John Gallen was improperly introduced at his

trial. He argues that this testimony was not only irrelevant but also highly prejudicial.

" 'It is a fundamental precept of the common law that the prosecution may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge. It has been succinctly stated that the purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit the crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence' ...." *Commonwealth v. Spruill*, 480 Pa. 601, 606, 391 A.2d 1048, 1049–50 (1978) quoting *Commonwealth v. Terry* 462 Pa. 595, 599–600, 342 A.2d 92, 94–95 (1975). See also *Commonwealth v. Clark*, 453 Pa. 449, 309 A.2d 589 (1973).

However, where the evidence is most relevant, the mere fact that testimony of another crime may be prejudicial will not prevent its introduction into evidence. *Commonwealth v. Lasch*, 464 Pa. 573, 347 A.2d 690 (1973). Thus, evidence of other crimes has been admitted where that evidence tends to prove motive or intent, *Commonwealth v. Terry*, 462 Pa. 595, 600, 342 A.2d 92 (1975), absence of mistake or accident, *Commonwealth v. Peterson*, 453 Pa. 187, 197–8, 307 A.2d 264, 269 (1973), common scheme, plan or design (embracing commission of two or more crimes so related to each other that proof of one tends to prove the others) *Commonwealth v. Wable*, 382 Pa. 80, 82, 114 A.2d 334, 336–337 (1955), and to establish the identity of the person charged with the commission of the crime on trial, *Commonwealth v. Rose*, 483 Pa. 382, 396 A.2d 1221, 1230 (1979). Although it is the prejudicial nature of this evidence that prevents it from being harmless error, *Commonwealth v. Spruill*, supra ["evidence or prior criminal

activity ... is probably only equalled by a confession in its prejudicial impact upon a jury," 480 Pa. at 606, 391 A.2d at 1050–51], when introduced in a trial, its relevancy to the proceeding in question determines its competency.

Apparently, Dumas intends to argue, though he does not clearly do so, that the testimony of Bell's previous narcotics charge and the type of narcotics seized from Bell insinuates that Dumas was involved in the criminal conduct entered into by Bell. Accepting, arguendo, that this is a valid conclusion, we are persuaded that the evidence was relevant. It supplied the court with evidence of Dumas' motives for committing the crimes with which he was charged. The court did not abuse its discretion in admitting this evidence.

In Dumas' statement of questions set out above, he indicates at "B" that the testimony concerning his conversation with Officer Stokes was improperly admitted. Dumas, however, presents no argument concerning this claim in his brief. Accordingly, the issue is waived. *Commonwealth v. Jackson,* 494 Pa. 457, 431 A.2d 944 (1981); *Commonwealth v. Shaw,* 494 Pa. 364, 431 A.2d 897 (1981).

Dumas also contends that his request for a mistrial should have been granted when, on reopened rebuttal, Officer Krystopa and Officer Davis retracted earlier Commonwealth testimony that Bell had written out a property receipt for $780 which was seized from him. In *Commonwealth v. Conti,* supra, we discussed the question of a trial judge's impartiality at a non-jury trial. We said:

It is plain from the cases cited that in some instances due process requires that we not simply rely on the fiction of a judicial blindside. It is also plain, when cases like *Berkery* [3] and *Mangan* [4] are compared with cases like

3. *Commonwealth v. Berkery,* 200 Pa.Super. 626, 190 A.2d 572 (1963) allocatur refused, cert. denied, 375 U.S. 966, 84 S.Ct. 484, 11 L.Ed.2d 415.

4. *Commonwealth v. Mangan,* 220 Pa.Super. 54, 281 A.2d 666 (1971).

*Rivers*,[5] that at least in Pennsylvania no fixed rule has been announced for determining when a trial judge will be regarded as having been able to maintain his impartiality after hearing incompetent evidence. We do not undertake to announce such a rule now. Instead, we shall continue to decide each case according to its particular facts. In so doing, however, we do explicitly recognize that two factors will be considered of critical import. One factor will be the inherently prejudicial quality of the specific evidence involved. This, as indicated, was determinative in *Rivers*. There the evidence was "so prejudicial" that the risk of improper adjudication could not be ignored. In contrast, when the risk is not of emotional impact but rather of intellectual error in tracing a chain of inferences or in recognizing the pitfalls of double hearsay, greater weight will be given to judicial expertise. See Levin and Cohen, supra; [6] *Davis*, supra.[7] The other factor will be the importance of the evidence to the particular case. Suffice it to say that when, as in *Berkery*, the other evidence is overwhelming, we shall be less sensitive to the risk of harmful prejudice below.

Id. 236 Pa.Super. at 501, 345 A.2d at 245.

We are convinced that the trial judge, sitting as fact finder, was able to maintain his impartiality. The impact of the retraction was clear. The statement was retracted in full. If anything, the trial court would have questioned the testimony of the officers after the retraction because their retraction clearly impeached them. Additionally, the retraction did not involve evidence of significant importance. The record indicates that the court was presented ample evidence proving Dumas' guilt. While, this evidence, in substantial part, came from the testimony of Officers Krystopa, we are satisfied that the trial judge's impartiality was not preju-

5. *Commonwealth v. Rivers*, 218 Pa.Super. 184, 279 A.2d 766 (1971).

6. Levin and Cohen, The Exclusionary Rule in Nonjury Criminal Cases, 119 U.Pa.L.Rev. 905 (1971).

7. Davis, Hearsay in Nonjury Cases, 83 Harv.L.Rev. 1362 (1970).

348

diced sufficiently for us to hold that he flagrantly abused his discretion.

Thus, we are unable to find fault with the decision of the trial court. Judgment of sentence is affirmed.