467 A.2d 9

**COMMONWEALTH of Pennsylvania**

**v.**

**Kevin BYERS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 7, 1983.

Filed Oct. 14, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence for receiving stolen property. Appellant argues that the evidence was insufficient, and that trial counsel was ineffective. Finding these arguments without merit, we affirm.

–1–

■ The test of sufficiency is whether, after viewing the evidence in the light most favorable to the Commonwealth, and then drawing all reasonable inferences favorable to the Commonwealth, the trier of fact could find that every element of the crime charged had been proved beyond a reasonable doubt. *Commonwealth v. Russell,* 313 Pa.Super. 534, 460 A.2d 316 (1983).

Here, the evidence was as follows: On the morning of December 10, 1980, Mary S. Verbanets discovered that her restaurant-bar-hotel (the "120 Bar") had been burglarized. N.T. 10–11. Among the items taken were a color television set, a clock radio, some 700 packs of cigarettes and assorted change from a cigarette machine, liquor, food, and prophylactics and assorted change from two coin-operated machines. *Id.* at 13–14. Mrs. Verbanets reported the burglary to the police, and on the basis of information provided by an informant, they got a warrant to search a certain apartment that evening. In the apartment they found the items taken in the burglary. N.T. 53–59.[1] During the search of the apartment a police officer saw mail addressed to appellant and prescription vials bearing his name. *Id.* at 61–62. Several hours later, at about 1:30 a.m., the police found appellant, with another man, in the

---

1. Specifically, the police found a T.V. set belonging to the 120 Bar, a bag with 272 packs of cigarettes, a number of bottles of liquor, a clock-radio, and a large quantity of various denominations of coins, wrapped and unwrapped. N.T. 58–64. Mrs. Verbanets could only positively identify the T.V. set, N.T. 59–60, which is understandable inasmuch as the common nature of the other items renders positive identification almost impossible. However, where one is searching for A, B, C, D and E, which were stolen in a group, and one finds what appears to be all of these items in one place, the fact that A is susceptible of positive identification justifies the inference that the B, C, D, and E found are the same B, C, D, and E as were in the group stolen.

apartment, and arrested him. *Id.* at 72. Several days after his arrest, appellant, who had been released on bail, went to the 120 Bar and gave Mrs. Verbanets a paper bag containing prophylactics and a set of keys belonging to the bar. *Id.* at 35–41.

We think this evidence was sufficient to prove theft by receiving stolen property. The Commonwealth made out its case if it proved that appellant had control of property that he knew had been stolen. 18 Pa.C.S.A. § 3925. Mrs. Verbanets's testimony showed that property had been stolen. The trier of fact—a judge sitting without a jury—could reasonably infer from the evidence regarding the nature of the property and when and where it was found that appellant knew it had been stolen. (How else did appellant suppose it had gotten to the apartment?) The trier of fact could also find from the police officer's testimony, that appellant was in the apartment at 1:30 a.m. and that mail and prescriptions with his name on them were there, that the apartment was appellant's, and from that evidence the trier could reasonably infer that appellant had control of the stolen property. The trier could also find control from the evidence that appellant had returned some of the stolen property.[2] While some of the evidence was circumstantial, the Commonwealth was entitled to prove its case by circumstantial evidence, *Commonwealth v. Axe*, 285 Pa.Super. 289, 427 A.2d 227 (1981), *Commonwealth v. Worrell*, 277 Pa.Super. 386, 419 A.2d 1199 (1980), so long as the circumstances proved "fit so closely together as to justify a finding of guilt beyond a reasonable doubt." *Commonwealth v. Axe, supra*, 285 Pa.Super. at 292, 427 A.2d at 229. Here, we think that was the case.

–2–

Appellant next argues that trial counsel was ineffective because he failed to preserve a best evidence rule issue. As

**2.** Appellant argues that "[the] prophylactics were never identified as those stolen from the machine in the bar." Brief for Appellant at 16. We think the trier of fact could reasonably infer that they were. *See* note 1, *supra*.

already indicated, at trial a police officer testified that he saw mail addressed to appellant and prescription vials bearing appellant's name on a dresser in the apartment where appellant was later arrested. N.T. 61. Trial counsel objected that "unless these articles [the mail and the prescription vials] are present and accounted for, otherwise we're talking about written hearsay." *Id.* The trial court overruled this objection. N.T. 61. Given the phrasing of counsel's objection, it is probable that a best evidence issue was not preserved. Whether it was preserved is not important, however, for assuming that it was not, the question argued now is that trial counsel was ineffective for failing to preserve it.

Generally stated, the best evidence rule is that to prove the contents of a writing, the original writing must be produced, unless a sufficient reason for not producing it is shown. McCormick on Evidence 559 *et seq.* (2d ed. 1972). Here, the mail and the prescription forms on the vials bearing appellant's name were writings; they were not produced; and no reason for not producing them was shown. Even so, we have concluded, the officer's testimony that he saw appellant's name on the mail and prescription vials did not violate the best evidence rule. Or to state our conclusion in terms of this case: since the officer's testimony did not violate the best evidence rule, trial counsel was not ineffective in failing to make and preserve the argument that it did violate the rule.

First, we think that had the objection to the officer's testimony been made on best evidence grounds, the trial court would not have abused its discretion in overruling the objection. The court might have compared the mail and prescription forms with "inscribed chattels". In cases involving inscribed chattels the decision whether to require the chattel itself depends upon a sound exercise of the trial court's discretion. *See generally* McCormick, *supra* at 562 (trial court should have discretion to apply best evidence rule or not in light of such factors as need for precise information as to exact inscription, ease or difficulty of

production, and simplicity or complexity of inscription) and 4 Wigmore, Evidence § 1182 at 422 (Chadbourn rev. 1972) (rational and practical solution is to allow trial court in exercise of its discretion to require production of inscribed chattel whenever it seems highly desirable in order to ascertain accurately a material fact).

This above principle is illustrated by *United States v. Duffy*, 454 F.2d 809 (5th Cir.1972), cited by both appellant and the Commonwealth. There, the defendant, Duffy, was charged with knowingly transporting a stolen vehicle in interstate commerce, and the question on appeal was whether oral testimony that a shirt, found in the trunk of the stolen vehicle and bearing the laundry mark "D–U–F," was admissible without production of the shirt itself. The court said:

The "Rule" is not, by its terms or because of the policies underlying it, applicable to the instant case. The shirt with a laundry mark would not, under ordinary understanding, be considered a writing and would not, therefore, be covered by the "Best Evidence Rule". When the disputed evidence, such as the shirt in this case, is an object bearing a mark or inscription, and is, therefore, a chattel *and* a writing, the trial judge has discretion to treat the evidence as a chattel or as a writing. See 4 Wigmore, Evidence § 1182 and cases cited therein; McCormack, Evidence 411–412 and cases cited therein. In reaching his decision, the trial judge should consider the policy-consideration behind the "Rule". In the instant case, the trial judge was correct in allowing testimony about the shirt without requiring the production of the shirt. Because the writing involved in this case was simple, the inscription "D–U–F", there was little danger that the witness would inaccurately remember the terms of the "writing". Also, the terms of the "writing" were by no means central or critical to the case against Duffy. The crime charged was not possession of a certain article, where the failure to produce the article might prejudice the defense. The shirt was collateral evidence of the

crime. Furthermore, it was only one piece of evidence in a substantial case against Duffy.

454 F.2d at 812.

Here, as in *Duffy*, the writings were simple and there was little danger that the officer would have an inaccurate memory of the name on them, especially since the name he saw was the name of the man he arrested shortly afterwards. Moreover, appellant's name on the mail and prescription vials was only one piece of evidence in what was a reasonably substantial case against him. For the principal significance of the name was to prove that the apartment was appellant's and thus to prove appellant's control of the stolen property in the apartment. But even without the evidence that the apartment was appellant's, appellant's control was sufficiently proved by his return of some of the stolen property a few days after his arrest.

A second and related reason the trial court would have been entitled to refuse to apply the best evidence rule is that the writings in question might have fairly been regarded by the court as only "collateral evidence". To be sure, "collateral" must not be defined so loosely, or broadly, as to defeat the purpose served by the best evidence rule, but if care is exercised, it is a useful concept. According to McCormick, *supra*, at 565–66, three principal factors should play a role in deciding whether a writing is collateral:

These are: the centrality of the writing to the principal issues of the litigation; the complexity of the relevant features of the writing; and the existence of genuine dispute as to the contents of the writing.

*Id.* at 566 (footnotes omitted).

Here, all three of these factors would have supported a ruling that production of the mail and prescription vials was not required. As already observed, when considering the sufficiency of the evidence, these writings were not nearly so central to the proof of the elements of the offenses charged—control of the stolen property and knowledge that it was stolen—as was the evidence of appellant's presence in the apartment and his return of some of the property to

the 120 Bar. As for the complexity of the writing, there was none. Nor was there any dispute about the contents of the writings.

With respect to this last factor, some further comment may be appropriate. The best evidence rule is of particular importance in cases involving such writings as a will or contract. For in such cases the decision may turn upon knowing exactly what words were used. *See Warren v. Mosites Construction Company*, 253 Pa.Super. 395, 401, 385 A.2d 397, 400 (1978) (plurality opinion) ("The best evidence rule is controlling only if the terms of a writing must be proved to make a case or provide a defense."); *Ledford v. Pittsburgh and Lake Erie Railroad Co.*, 236 Pa.Super. 65, 75, 345 A.2d 218, 224 (1975) (Objection to admission of typewritten copy of handwritten inspection report of gondola car from which plaintiff fell. Held: "Best Evidence Rule is ordinarily only literally applicable to the proof of the contents of documents when the contents of the documents are material to, as contrasted with mere evidence of, the issues at bar. Beyond that, the evidentiary ruling of the trial court allowing 'secondary evidence' should not be reversed except for a grave abuse of discretion....") (citations omitted); *Commonwealth v. Pollack*, 174 Pa.Super. 621, 101 A.2d 140 (1953) (identification of stolen toaster by oral testimony not violation of best evidence rule where inventory slip showing serial number of stolen toaster not introduced; matter to be proved was that toaster was stolen, not serial number on inventory slip). However, it would be a mistake to suppose that the rule should be limited to cases when the writing is of central importance. For the rule also serves to protect against fraud, mistake, and misleading, any of which may arise from admitting inexact or incomplete testimony of the contents of a writing while not requiring production of the writing itself. Suppose, for example, that the party invoking the best evidence rule claims that writings admittedly not central never existed, or that their contents were not as testified to but were significantly different. In such a case it might well be an abuse of discretion for the trial court not to apply the rule,

for by requiring the production of the writings the court might enable the credibility of the witness, and so the integrity of the entire case, to be better appraised. *See generally* McCormick, *supra* at 501.

Here, however, there is no suggestion in the record or appellant's brief that trial counsel had any basis for claiming either that there were no mail and prescription vials in the apartment or that if there were, they did not have appellant's name on them. The argument, rather, is that the mail and forms were "central or critical," Brief for Appellant at 14, and as we have discussed, we do not believe they were. Appellant, citing the same paragraph in McCormick that we have just cited, does argue that the officer may have misread the name and address on the mail and vials, *id.*, but we are not persuaded that this possibility was so real as to justify a decision that trial counsel was ineffective. Rather, in our opinion the record supports the conclusion that had trial counsel objected to the officer's testimony on the basis of the best evidence rule, the trial court would have ruled as a proper exercise of its discretion that production of the writings was not necessary. Counsel's failure to make the objection therefore did not render him ineffective.

Affirmed.