J-S34017-15

2015 PA Super 198

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRICE E. BENNETT, JR. | |
| Appellant | No. 1811 MDA 2014 |

Appeal from the Judgment of Sentence September 26, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007472-2013

*************************************************************

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRICE E. BENNETT, JR. | |
| Appellant | No. 1814 MDA 2014 |

Appeal from the Judgment of Sentence September 26, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007517-2013

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

OPINION BY OTT, J.:                          **FILED SEPTEMBER 17, 2015**

In this consolidated appeal, Brice E. Bennett, Jr., appeals from the judgment of sentence imposed on September 26, 2014, in the Court of Common Pleas of York County, following his conviction by a jury on charges

of defiant trespass and possession of drug paraphernalia,[1] and by the judge on the summary offense of public drunkenness. Bennett received an aggregate sentence of 12 months and 30 days to 24 months' incarceration, to be followed by 12 months' probation.[2] In this timely appeal, Bennett's counsel has filed an **Anders**[3] brief, asserting all appellate issues are frivolous, accompanied by a motion to withdraw as counsel. Bennett has responded by filing, in this Court, a motion for relief of judgment, a petition for writ of *habeas corpus* and an amendment to the petition for writ of *habeas corpus*. After a thorough review of the submissions by the parties, the certified record and relevant law, we affirm the judgment of sentence, deny Bennett's *pro se* filings, and grant counsel's motion to withdraw.

The underlying facts of this matter are simply stated. Bennett had a history of panhandling at Li's Kitchen, located at 287 West Market Street, York, Pennsylvania. Specifically, he approached patrons while they were in the small parking lot adjacent to the restaurant. A security guard hired by Li's repeatedly told Bennett he was not allowed on the property. On two

---

[1] 18 Pa.C.S. §§ 3503(b)(1)(i), 5505, and 35 P.S. § 780-113(a)(32), respectively.

[2] The 30-day sentence was imposed on the conviction for the summary offense of public intoxication. Accordingly, it is a straight 30-day sentence.

[3] **Anders v. California**, 386 U.S. 738 (1967). **See also**, **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

occasions, August 8 and 23, 2013, Bennett, was arrested while in the parking lot. On both occasions he exhibited indicia of intoxication and on August 8, 2013, after being taken into custody, police officers found a crack pipe in Bennett's possession. Bennett testified he did not trespass; rather, at all times he was on the public sidewalk. He argued that Li's Kitchen had a surveillance camera recording the activities in the parking lot, but no tape was produced to confirm his alleged trespass. The police officers acknowledged the existence of the camera, but testified because they had witnessed Bennett in the parking lot, they had no need to obtain the video tape. A jury determined Bennett was guilty of two counts of defiant trespass and one count of possession of drug paraphernalia, and the trial judge found Bennet guilty on the summary counts of public drunkenness.

Before we begin our substantive analysis, we must first review defense counsel's *Anders* brief and motion to withdraw. *See Commonwealth Goodwin*, 928 A.2d 287 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

> (4) state counsel's reasons for concluding that the appeal
> is frivolous. Counsel should articulate the relevant facts of
> record, controlling case law, and/or statutes on point that
> have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.  Counsel also must provide a copy
> of the *Anders* brief to his client. Attending the brief must be a
> letter that advises the client of his right to: "(1) retain new
> counsel to pursue the appeal; (2) proceed pro se on appeal; or
> (3) raise any points that the appellant deems worthy of the
> court's attention in addition to the points raised by counsel in the
> *Anders* brief."  *Commonwealth v. Nischan*, 928 A.2d 349,
> 353 (Pa. Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40
> (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 889-880 (Pa. Super. 2014).

Here, counsel has fulfilled all of the dictates of *Anders*/*Santiago*, although he incorrectly informed Bennett that he was entitled to proceed *pro se* or with private counsel "if the Superior Court permits me to withdraw". *See* Letter to Bennett, 3/4/2015, at 1.  However, this error was corrected by a *sua sponte* notice from our Court dated March 10, 2015, informing Bennett that he was entitled to proceed *pro se* or obtain private counsel in response to counsel's *Anders* brief; he was not required to wait until counsel's motion to withdraw had been ruled granted.  Because all technical requirements for *Anders*/*Santiago* have been complied with, proceed to the issue identified in the *Anders* brief.

The sole issue raised in the *Anders* brief is a challenge to the sufficiency of the evidence.  Counsel has correctly noted that there was an

abundance of evidence to support all convictions. A person commits the offense of defiant trespass,

> [i]f knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass has been given by actual communication to the actor.

18 Pa.C.S. § 3503(b)(1)(i).

The evidence presented at trial demonstrated Bennett had been informed multiple times he was not to be on Li's Kitchen's property. In spite of that instruction, he was apprehended twice in Li's parking lot.

The offense of possession of drug paraphernalia prohibits:

> The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(a)(32).

The evidence produced at trial showed conclusively that Bennett possessed a glass pipe, commonly used for smoking crack cocaine, including a piece of Brillo-type steel wool, which is used as both a filter and a holder of the crack cocaine being smoked. Both the pipe and steel wool had burnt residue, indicating the pipe had been used. Accordingly, there was sufficient evidence to support Bennett's conviction on this charge.

Finally, the offense of public drunkenness requires proof that a person,

> [a]ppears in any public place manifestly under the influence of alcohol or a controlled substance … to the degree that he may

- 5 -

endanger himself or other persons or property, or annoys persons in his vicinity

18 Pa.C.S. § 5505.

Police testimony demonstrated Bennett showed indicia of intoxication, including stumbling and slurred speech. In finding Bennett guilty, the Honorable Thomas H. Kelley, VI, stated:

> I can say that based upon his behavior, which resulted in the two charges of defiant trespass, I can make the inference that he was a danger to himself putting himself at risk of being arrested or to others.

N.T. Trial, 8/7/2014, at 139.

The evidence presented at trial also showed that Bennett was flailing his arms about, shouting at and arguing with both the security guard and the police, and was, on one occasion, jumping in and out of patrons' cars. Such activities may be properly classified as both annoying and dangerous. Therefore, there was sufficient evidence to support the summary convictions for public drunkenness.

We now examine Bennett's *pro se* allegations. In his motion for relief from judgment filed with this court, he argues: (1) the criminal complaints filed against him were without seal and therefore not official and so deprived him of due process, and (2) that the trial court erred in failing to charge the jury on the best evidence rule regarding the Commonwealth's failure to produce the surveillance video. These claims are unavailing.

Bennett is correct that the criminal complaint regarding the August 8, 2013 charges has no seal.[4] However, Pa.R.Crim.P. 109 mandates:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109.

The defect was not raised before the conclusion of either the preliminary hearing or trial, and so the issue has been waived. *See Commonwealth v. Manni*, 302 A.2d 374 (Pa. Super. 1973) (failure to object to defect in complaint waives the issue). Moreover, other than a bald allegation of a violation of due process, Bennett has not even attempted to demonstrate how the lack of a seal on the criminal complaint caused him prejudice.[5]

Next, he claims the trial judge erred in failing to charge the jury regarding the best evidence rule. Generally speaking, the best evidence rule is designed to certify the contents of a writing, recording or photograph

---

[4] The criminal complaint regarding the August 23, 2013 charges does have the Seal of Magisterial District Judge, York County, District 19-3-05.

[5] We note that Bennett was informed of the charges in a timely manner and was able to put forward a defense.

- 7 -

by requiring the original of any of the above be presented as evidence.[6]

Bennett misunderstands the import of the best evidence rule. As noted previously, the parking lot of Li's Kitchen was under video surveillance. The police officers testified they personally witnessed Bennett in the parking lot of Li's Kitchen and not standing on the public sidewalk. Bennett argued the eyewitness testimony was not as good as the video surveillance would have been. Therefore, the "best evidence" was not produced by the Commonwealth.[7] The best evidence rule does not address the Commonwealth's presentation of video versus eyewitness testimony.[8] Accordingly, the trial court did not err in failing to charge the jury on the best evidence rule.[9]

---

[6] *See* Pa.R.E. 1002, "An original writing, recording or photograph is required in order to prove is content unless these rules, other rules prescribed by the Supreme Court, or a statute provide." See also Pa.R.E. 1003, which allows a duplicate to be admitted as evidence unless a genuine question regarding the original's authenticity has been raised.

[7] The jury knew that video surveillance was in operation at Li's Kitchen and that no video evidence was presented at trial. Bennett's counsel argued in closing that the failure to present video evidence weighed against the Commonwealth.

[8] Had the video surveillance been introduced into evidence, the best evidence rule would have applied to ensure the reliability of the video.

[9] Bennett also raised a claim of ineffective assistance of counsel. Such claims are not cognizable in a direct appeal; they are properly raised in a Post Conviction Relief Act petition. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (ineffective assistance of counsel claims to be raised via PCRA).

Bennett has also filed a petition for writ of *habeas corpus* and amendment thereto, claiming, initially, that counsel was ineffective for failing to realize and inform the court that he was medically "unable to be cognizant of his guaranteed constitutional rights." Although the remainder of the petition and amendment are not readily understandable, he also appears to argue again that he was unjustly convicted because of the failure to produce the surveillance video.[10] Because, as best as we can discern, these claims sound in ineffective assistance of counsel and the fact that *habeas corpus* has been subsumed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, we dismiss these claims without prejudice to raise them in a timely PCRA petition.[11]

Lastly, we address the extent of this Court's review in the present case. Most recently, in **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015), a panel of our Court explicitly determined it is our responsibility to review the entire record to see if there exists any additional,

---

[10] There are other claims that simply make no sense, such as a claim of illegal sentence for retail theft. Bennett was not charged with retail theft and was not sentenced for retail theft. He also claims the evidence against him should have been suppressed because the police car approached him with the high beams on and the siren was not activated.

[11] Specifically, **see Commonwealth v. Byers**, 467 A.2d 9, 11 (Pa. Super. 1983) (*habeas corpus* subsumed by PCRA) and 42 Pa.C.S. § 9542 (same). We wish to make clear that we are not in any way suggesting Bennett file a PCRA petition or that any of the claims are in any way meritorious. We simply note that, as raised, the claims are not currently cognizable.

non-frivolous issues that might have been overlooked by counsel. *Id*. at 1250. *Flowers* relies on the *en banc* decision in *Commonwealth v. Goodwin*, 928 A.2d 287 (Pa. Super. 2007 (*en banc*), to support this approach. *Flowers*, and the myriad of cases cited in the lead and dissenting opinions, address a "pure" *Anders* situation in which the only brief under consideration is the one filed by counsel.

Here, Bennett availed himself of his right to file a *pro se* response raising issues he believes were both meritorious and overlooked by counsel. *See Commonwealth v. Flowers*, 113 A.3d at 1248-49 (after *Anders* brief has been filed, appellant has the right to proceed *pro se* or hire private counsel). By filing a *pro se* response, as in this case, or hiring private counsel, the appellant has essentially filed an advocate's brief. It is well-settled that when an advocate's brief has been filed on behalf of the appellant, our Court is limited to examining only those issues raised and developed in the brief. We do not act as, and are forbidden from acting as, appellant's counsel. Accordingly, our independent review is logically limited in the situation presented herein. If we conduct an independent review of the entire record, and conclude that there are no non-frivolous issues to be found anywhere therein, we have rendered the appellant's right to proceed *pro se* or to hire private counsel, meaningless. There would be no point in allowing a *pro se* or counseled filing if we had already determined any issue raised therein was frivolous.

Therefore, when an appellant, either acting *pro se* or through private counsel, files a response to the ***Anders*** brief, our independent review is limited to those issues raised in the ***Anders*** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief. Such approach is supported by *dicta* in ***Commonwealth v. Baney***, 860 A.2d 127 (Pa. Super. 2004),[12] which stated:

> 1. The Superior Court should initially consider only the ***Anders*** brief to determine whether the issues are in fact wholly frivolous.
>
> 2. If the Court determines that the issues are not wholly frivolous, it should grant relief accordingly.
>
> 3. If it finds the issues in the ***Anders*** brief to be wholly frivolous, the Court should determine whether the defendant has been given a reasonable amount of time to either file a *pro se* brief or obtain new counsel. ***See Anders***, 386 U.S. at 744, 87 S.C.t 1396 ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses").
>
> 4. When a reasonable amount of time has passed and no *pro se* or counseled brief has been filed, the Court should dismiss the appeal as wholly frivolous pursuant to its initial determination and affirm the decision of the trial court.
>
> 5. When a *pro se* or counseled brief has been filed within a reasonable amount of time, however, the Court should then consider the merits of the issues contained therein and rule upon them accordingly.

***Commonwealth v. Baney***, 860 A.2d 127, 129 (Pa. Super. 2004).

_____

[12] The issue in ***Baney*** was whether the *pro se* filing in response to the ***Anders*** brief should be considered or if it represented an improper hybrid filing.

We have followed the procedure described above in reviewing both the *Anders* brief and Bennett's *pro se* filings. In light of the foregoing, based upon our review, we find the claim raised by counsel in the *Anders* brief to be frivolous. Additionally, all claims raised by Bennett in his *pro se* filings, excepting those premature ineffective assistance of counsel claims, are also frivolous. Accordingly, Bennett is not entitled to relief.

Judgment of sentence affirmed. Motion to withdraw as counsel granted. Motion for relief from judgment is denied. Petition for writ of *habeas corpus* and amendment thereto are denied. Any claims of ineffective assistance of counsel raised therein are denied without prejudice to be raised in a timely PCRA petition.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2015