J-S01023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON CISNE | |
| Appellant | No. 2078 EDA 2014 |

Appeal from the Judgment of Sentence March 1, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006829-2008

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 12, 2016**

Appellant, Jason Cisne, appeals *nunc pro tunc* from the March 1, 2010 aggregate judgment of sentence of 25 to 50 years' incarceration, which was entered following his guilty plea to third-degree murder, possession of an instrument of crime (PIC), and possession of a firearm by a prohibited person (VUFA).[1]   Appellant's counsel has filed a motion to withdraw, together with an **Anders**[2] Brief.   Because we conclude counsel has not complied with the requirements of **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), we deny counsel's motion to withdraw

---

[1] 18 Pa.C.S.A. §§ 2502(c), 907(a), and 6105(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

and direct him to file either an advocate's brief or a new motion to withdraw together with a compliant **Anders** brief.

Our review of the certified record discloses the following pertinent procedural history. On March 1, 2010, Appellant, pursuant to a negotiated plea agreement, entered a plea of guilty to the aforementioned charges. Appellant waived the preparation of a presentence report and the trial court immediately sentenced Appellant in accordance with the terms of the plea agreement to an aggregate sentence of 25 to 50 years' incarceration.[3] No post-sentence motion or direct appeal was filed.

> On January 13, 2011, [Appellant] filed a timely, *pro se* PCRA petition. PCRA counsel was appointed, and on January 8, 2013, filed a motion to withdraw as counsel and accompanying **Turner**/**Finley**[4] "no merit" letter. Thereafter, on February 22, 2013, the PCRA court sent [Appellant] notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition without a hearing. [Appellant] filed a *pro se* response to counsel's "no merit" letter on March 21, 2013, challenging PCRA counsel's petition to withdraw for failing to address plea counsel's ineffectiveness in failing to file a direct appeal. …
>
> On March 22, 2013, the PCRA court entered an order dismissing [Appellant's] PCRA petition. The PCRA court did not, either explicitly or implicitly,

---

[3] Specifically, the trial court imposed a sentence of 20 to 40 years' incarceration on the third-degree murder count, a consecutive five to ten years' incarceration on the VUFA count, and a concurrent two and a half to five years' incarceration on the PIC count. N.T., 3/1/10, at 22.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> grant counsel's petition to withdraw, nor did it address [Appellant's] claim that plea counsel was ineffective for failing to file a direct appeal.

*Commonwealth v. Cisne*, 100 A.3d 322 (Pa. Super. 2014) (unpublished memorandum) (*Cisne II*).

Appellant filed a timely *pro se* notice of appeal from the PCRA court's order on April 16, 2013. Noting the PCRA court had not permitted counsel to withdraw, this Court remanded the case for counsel to file an advocate's brief or a motion to withdraw and *Turner*/*Finley* letter. *Commonwealth v. Cisne*, 93 A.3d 502 (Pa. Super. 2013) (unpublished memorandum). Counsel complied and filed a motion to withdraw and *Turner*/*Finley* letter with this Court. We ultimately determined Appellant was entitled to a hearing on his allegation that trial counsel was ineffective for failing to file a requested direct appeal. *Cisne II*, *supra* at 6-7. Accordingly, we denied counsel's motion to withdraw, vacated the order denying Appellant's *pro se* PCRA petition, and remanded for further proceedings. *Id.*

Upon remand, the PCRA court conducted a hearing, and on June 27, 2014, with agreement of the parties, granted Appellant's PCRA petition, permitting Appellant to file a direct appeal *nunc pro tunc*. Appellant filed a notice of appeal on July 22, 2014.[5] On May 14, 2015, counsel filed a

---

[5] The trial court did not require Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court, noting the limited issues available for direct appeal from the entry of a negotiated guilty plea, to wit, the
*(Footnote Continued Next Page)*

***Turner/Finley*** letter with this Court. Noting Appellant's direct appeal rights had been reinstated, on September 15, 2015, we ordered counsel's ***Turner/Finley*** letter stricken, vacated the Commonwealth's briefing schedule, and directed counsel to file within 30 days "either a petition to withdraw as counsel and brief pursuant to ***Anders*** [] and [] ***Santiago***, [] or an advocate's brief on Appellant's behalf." *Per Curiam* Order, 9/15/15, at 1. On October 22, 2015, counsel filed a motion to withdraw and an ***Anders*** brief. Appellant filed three *pro se* responses to counsel's motion to withdraw and ***Anders*** brief on November 20, 2015, December 8, 2015 and December 29, 2015, respectively.

"Before we begin [any] substantive analysis, we must first review defense counsel's ***Anders*** brief and motion to withdraw." ***Commonwealth v. Bennett***, 124 A.3d 327, 330 (Pa. Super. 2015) (citation omitted).

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court.
>
> These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal.

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-420 (Pa. Super. 2015) (citations omitted). "[T]he ***Anders*** brief aims to provide the appellate

_(Footnote Continued)_ ───────────

jurisdiction of the trial court, the validity of the plea, and the legality of the sentence, prepared a Rule 1925(a) opinion addressing those issues. ***See*** Trial Court Opinion, 11/19/14, at 2 n.1.

- 4 -

courts with a means for making two determinations—whether appointed counsel has fully supported his client's appeal to the best of his ability and whether the appeal is indeed so lacking in merit that counsel should be permitted to withdraw. **Santiago**, **supra** at 355 (citations omitted).

> The procedural requirements for withdrawal require counsel to: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se,* additional arguments that the defendant deems worthy of the court's attention.
>
> … [If] Counsel [has] complied with the procedural dictates of **Anders**, we next consider whether counsel's **Anders** brief meets the substantive requirements of **Santiago***.* Under **Santiago**, an **Anders** brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, **supra** at 361.

**Commonwealth v. Zeigler**, 112 A.3d 656, 659-660 (Pa. Super. 2015) (some citations omitted).

Instantly, in his **Anders** brief, counsel misidentifies the order appealed from, the nature of this appeal, and the pertinent issues of arguable merit.

- 5 -

*See Anders* Brief at 2-3. Under the "Order in Question" section of his *Anders* brief, counsel states as follows. "On Appeal from the Order of Judgment Rendered By The Honorable Sandy L. V. Byrd in the Philadelphia Court of Common Pleas on March 22, 2013, which dismissed [Appellant's] *Pro Se* PCRA Petition filed under CP-51-CR-0006829-2008 pursuant to a *Finley* Letter filed by Counsel." *Id.* at 2. Counsel further identifies the following as the sole issue of arguable merit. "Is there any reason to believe that the Honorable Sandy L. V. Byrd, of the Philadelphia Court of Common Pleas erred when he dismissed [Appellant's] *pro se* PCRA Petition pursuant to counsel's *Finley* Letter?" *Id.* at 3. Counsel's recitation of the procedural history omits any actions by the PCRA court in reinstating Appellant's direct appeal rights on remand. *Id.* at 4-5. Counsel's discussion pertains to Appellant's ineffectiveness of counsel issues raised in his January 13, 2011 *pro se* PCRA petition. *Id.* at 8-10. Although reminded by this Court that the instant appeal is a *nunc pro tunc* direct appeal from Appellant's March 1, 2010 judgment of sentence, counsel has done little else than retitle his *Turner*/*Finley* letter as an *Anders* brief. In the process, counsel has failed to comply with the dictates of *Anders* and *Santiago* and has paid mere lip service to their technical requirements. By misconstruing the entire nature of this appeal, counsel has failed to demonstrate "conscientious examination of the record" or "refer to anything in the record that counsel believes arguably supports the appeal." *See Zeigler*, *supra.*

In light of the foregoing, we once again remand the case with instructions to counsel to file within 30 days a compliant motion to withdraw together with an ***Anders*** brief, or an advocate's brief on behalf of Appellant. Because of this remand, we do not address the issues Appellant raised in his various responses to counsel's original ***Anders*** brief. Our remand is without prejudice to Appellant to file further responses in the event counsel files a new ***Anders*** brief, and it shall be incumbent upon counsel to consider Appellant's issues prior to any subsequent filings.

Petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/2016