J-S04029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON ROSS SNYDER | : | |
| | : | |
| Appellant | : | No. 1064 MDA 2018 |

Appeal from the Judgment of Sentence Entered January 30, 2018
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000994-2017,
CP-54-CR-0000995-2017, CP-54-CR-0000996-2017

BEFORE:   SHOGAN, J., OTT, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 07, 2019**

Brandon Ross Snyder appeals, *nunc pro tunc*, from the judgment of sentence imposed January 30, 2018, in the Schuylkill County Court of Common Pleas, after his direct appeal rights were reinstated pursuant to the Post Conviction Relief Act ("PCRA").[1]  The trial court sentenced Snyder to an aggregate term of six to 23 months' imprisonment, following his negotiated guilty plea to three counts of retail theft[2] at three separate dockets. Contemporaneous with this appeal, Snyder's counsel has filed a petition to withdraw from representation and an ***Anders*** brief.  ***See Anders v.***

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S. § 3929(a)(1).

*California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981). The sole issue addressed in the *Anders* brief is Snyder's claim that the court imposed an illegal sentence by failing to give him full credit for time-served during his pretrial incarceration. Snyder has also filed a *pro se* brief, in response to counsel's petition to withdraw, which appears to raise additional claims. For the reasons below, we are constrained to quash this appeal.

On January 30, 2018, Snyder entered a negotiated guilty plea to three charges of retail theft at the following three criminal dockets: CP-54-994-2017, CP-54-995-2017, and CP-54-996-2017. That same day, the trial court sentenced Snyder to three concurrent terms of six to 23 months' imprisonment, one term at each docket. Moreover, because Snyder was entitled to 235 days of time-served before his plea, the trial court split the time among the dockets, applying the credit as follows: 79 days credit at CP-54-994-2017, 78 days credit at CP-54-995-2018, and 78 days credit at CP-54-996-2017. No direct appeal was filed.

Nevertheless, on March 23, 2018, Snyder filed a *pro se* PCRA petition, claiming, *inter alia*, plea counsel failed to file a requested direct appeal. Present counsel was appointed that same day, but filed a petition to withdraw as counsel on April 26, 2018, asserting his belief that Snyder had no meritorious issues to appeal. The PCRA court denied counsel's request to withdraw, and on May 29, 2018, granted Snyder relief in the form of a *nunc*

*pro tunc* direct appeal. On June 28, 2018, counsel filed this timely direct appeal listing all three lower court docket numbers.[3]

Thereafter, as noted above, counsel filed a petition for leave to withdraw and an **Anders** brief in this Court. When counsel seeks to withdraw from representation and files an **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). Our review of the record reveals counsel has complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Notably, counsel completed the following: (1) he filed a petition for leave to withdraw, in which he states his belief that Snyder's claims are frivolous; (2) he filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); (3) he furnished a copy of the **Anders** brief to Snyder; and (4) he advised Snyder of his right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Snyder filed a *pro se* brief in response, reiterating his claim that he was not provided with full credit for time-served, and asserting he should not have been ordered to pay restitution at Docket No. CP-54-994-2017.

---

[3] On July 5, 2018, the trial court ordered Snyder to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 26, 2018, Snyder's counsel filed a Statement of Intent to file **Anders**/**McClendon** Brief pursuant to Pa.R.A.P. 1925(c)(4).

Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.* at 1249 (footnote omitted).

Nonetheless, before we may consider any substantive claims on appeal, we must first determine whether the notice of appeal was properly filed.[4] As noted *supra*, Snyder's single notice of appeal listed all three docket numbers. *See* Notice of Appeal, 6/28/2018. Despite the fact the official note to Pennsylvania Rule of Appellate Procedure 341 states that separate notices of appeal must be filed when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment[,]"[5] the courts of this Commonwealth, until recently, have allowed appeals to proceed even if the appellant listed multiple dockets on one notice of appeal. *See In Interest of*

---

[4] On July 17, 2018, this Court issued Snyder a rule to show cause why the appeal should not be quashed in light of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). Snyder's counsel filed a response, and the rule was discharged, so that the issue could be decided by the merits panel.

[5] Pa.R.A.P. 341, Official Note.

***P.S.***, 158 A.3d 643 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017).

However, on June 1, 2018, in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." ***Id.*** at 971. The Court explained "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" and "[t]he failure to do so requires the appellate court to quash the appeal." ***Id.*** at 976-977. Recognizing, however, that "decades" of prior case law, while disapproving of the practice, seldom resulted in quashal of the appeal, the ***Walker*** Court declined to quash the appeal before it. Nevertheless, the Court held:

> While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

***Id.*** at 977 (footnote omitted).

In the case before us, Snyder filed a single notice of appeal, listing all three trial court docket numbers at issue, on June 28, 2018. Because this notice was filed after the decision in ***Walker***, Snyder was required to file separate notices of appeal for each trial court docket number. Consequently,

pursuant to the mandate in **Walker**, **supra**, we are constrained to quash this appeal.[6]

Appeal quashed.  Jurisdiction relinquished.  Petition to withdraw as counsel is denied as moot.[7]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/07/2019

---

[6] We note that in his response to the rule to show cause, counsel asserts that the present appeal should not be quashed because it satisfies the three-part test set forth in **General Electric Credit Corp. v. Aetna Casualtly and Surety Com.**, 263, A.2d 448 (Pa. 1970), which the Supreme Court applied in **Walker**, **supra**.  **See Walker**, **supra**, 185 A.3d at 974 (explaining that under **General Electric**, quashal is unnecessary where single notice of appeal applies to multiple orders when (1) the issues raised are "substantially identical," (2) the appellee raised no objection, and (3) the time to file an appeal has expired).  What counsel fails to acknowledge, however, is that the **Walker** Court explicitly held "**prospectively**, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," and the failure to do so "will result in quashal of the appeal."  **Id.** at 971, 977 (emphasis supplied and footnote omitted).  Accordingly, we are bound by the mandate in **Walker**.

[7] Because we are not permitted to consider the substantive claims in this appeal pursuant to **Walker**, we are similarly unable to determine if Synder's appeal was wholly frivolous.  Accordingly, we deny counsel's petition as moot.