J-S04024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHACHAEL WALLACE | : | |
| | : | |
| Appellant | : | No. 620 MDA 2018 |

Appeal from the Judgment of Sentence April 3, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001601-2017,
CP-40-CR-0001603-2017, CP-40-CR-0003856-2017

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED MAY 07, 2019**

Shachael Wallace appeals from the judgment of sentence imposed April 3, 2018, in the Luzerne County Court of Common Pleas.  The court sentenced Wallace to an aggregate term of 120 to 240 months' imprisonment. Contemporaneous with this appeal, Wallace's counsel has filed a petition to withdraw from representation and an ***Anders*** brief.   ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  The sole issue addressed in the ***Anders*** brief is a challenge to the discretionary aspects of Wallace's sentence. For the reasons below, we affirm, and grant counsel's petition to withdraw.

The facts of Wallace's underlying conviction are not pertinent to our disposition of his appeal.  We briefly note that on February 2, 2018, Wallace signed written, open plea agreements with the Commonwealth and appeared

_____
*   Former Justice specially assigned to the Superior Court.

before the trial court to enter guilty pleas to the following: (1) at Criminal Docket No. CP-40-CR-0001601-2017 ("Docket No. 1601"), criminal use of a communication facility and theft by unlawful taking (movable property);[1] (2) at Criminal Docket No. CP-40-CR-0001603-2017 ("Docket No. 1603"), robbery in the course of committing a theft (threat of immediate serious bodily injury);[2] and (3) at Criminal Docket No. CP-40-CR-0003856-2017 ("Docket No. 3856"), robbery in the course of committing a theft (threat of immediate serious bodily injury) and aggravated assault.[3] A presentence investigation ("PSI") was completed by the Luzerne County Adult Probation and Parole Department prior to sentencing.

On April 3, 2018, the court imposed the following sentence: (1) at Docket No. 1601, a term of 12 to 24 months' incarceration for the criminal use of a communication facility count and a concurrent term of four to 24 months' incarceration for the theft crime; (2) at Docket No. 1603, a term of 60 to 120 months' incarceration for the robbery count, to be served concurrent to the sentences imposed at Docket No. 1601; and (3) at Docket No. 3856, a term of 60 to 120 months' imprisonment for the robbery count, to be served consecutively to the previously imposed sentences, and a concurrent term of

---

[1] 18 Pa.C.S. §§ 7512(a) and 3921(a), respectively.

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 2702(a)(4), respectively.

20 to 40 months' incarceration for the aggravated assault offense. Wallace did not file any post-sentence motions but did file this appeal.[4, 5]

Preliminary, we note that when counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in **Anders, supra**, and its progeny. Specifically, counsel requested permission to withdraw based upon his determination that the appeal is "wholly frivolous," filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Wallace and advised Wallace of his right to retain new counsel or proceed *pro se*. **See**

---

[4] It merits mention that Wallace's notice of appeal lists all three docket numbers. **See** Notice of Appeal, 4/6/2018. In June of 2018, the Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.** at 977 (footnote omitted). Nevertheless, the **Walker** Court specifically announced its decision would be applied prospectively only. **See id.** Therefore, because the notice of appeal in the present case was filed before **Walker**, we need not quash this appeal.

[5] On April 6, 2018, the trial court ordered Wallace to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Wallace filed a concise statement on April 20, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 1, 2018.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).[6] Moreover, our review of the record reveals no correspondence from Wallace responding to the *Anders* brief. Accordingly, we will proceed to examine the issue counsel identified in the *Anders* brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).[7]

The only issue identified in counsel's *Anders* brief challenges the discretionary aspects of Wallace's sentence with respect to "the trial court's failure to sentence him concurrently on all of the sentences issued." *Anders* Brief at 7.

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citation and internal citation omitted). To reach the merits of such a claim, this Court must assess:

---

[6] We note that although counsel's withdrawal petition does not provide proof of service on Wallace, counsel's letter to Wallace references both the brief and the petition as having been enclosed, and the *Anders* brief contains proof of service on Wallace. Further, the *Anders* brief does not contain citations to the record in the summary of the procedural history and facts. Neither of these omissions, however, impeded our review.

[7] **See also** *Commonwealth v. Dempster*, 187 A.3d 266 (Pa. Super. 2018) (*en banc*).

(1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Cartrette*, 83 A.3d at 1042.

Here, Wallace failed to challenge the discretionary aspects of his sentence at sentencing or in a timely filed post-sentence motion. *See* Pa.R.Crim.P. 720 (A)(1); *see also* Trial Court Opinion, 10/1/2018, at 2-4; *Anders* Brief at 8 ("Instantly, [Wallace] made no objections regarding his sentence at his hearing and did not file a post sentence motion challenging his sentence."). Therefore, any claims regarding the discretionary aspects of his sentence are waived on appeal, and counsel properly determined that this issue is frivolous.[8]

Lastly, in accordance with *Yorgey*, *supra*, we have independently reviewed the certified record in order to determine if counsel's analysis

---

[8] Even if we did not find waiver, we would determine that the issue lacks merit based upon the reasoning advanced by the trial court in its Rule 1925(a) opinion. *See* Trial Court Opinion, 10/1/2018, at 3-4.

- 5 -

regarding the frivolous nature of the present appeal is correct. Because we agree with counsel's assessment that this appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/07/2019