J-S36010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANNON TERRELL BENNETT | |
| Appellant | No. 469 WDA 202 |

Appeal from the Judgment of Sentence February 18, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No: CP-07-CR-0002143-2020

BEFORE: STABILE, J., KING, J. and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: November 14, 2022**

Appellant, Shannon Terrell Bennett, appeals from his judgment of sentence of 168-336 months' imprisonment for, *inter alia*, possession with intent to deliver controlled substances ("PWID") and conspiracy to commit PWID. Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw, and affirm.

The evidence adduced during trial demonstrates that on September 10, 2020, Appellant was in Room 111 of the Roadway Motel in Logan Township, Pennsylvania. Police officers stopped a motor vehicle driven by an individual, Dennis Pletcher who had just left Room 111. The officers

---

[*] Retired Senior Judge assigned to the Superior Court.

searched Pletcher and found various controlled substances, including heroin and methamphetamine. Pletcher told the officers that he had obtained the heroin from a male in Room 111 of the Roadway Motel in exchange for methamphetamine. The officers subsequently obtained a search warrant for the motel room. Upon entering the room, they found a man, Appellant, and a woman, Cynthia Wissinger, inside. Following a search of the room, the officers discovered drug paraphernalia and heroin, and a search of the Appellant's person revealed methamphetamine.

Appellant was charged with the above offenses and other drug-related offenses. Following a two-day trial, the jury found Appellant guilty of all charges.

At sentencing on February 18, 2022, the court stated that it reviewed a pre-sentence investigation report. N.T., 2/18/22, at 4. The court observed that Appellant's prior record score was repeat felon status, and that the standard guideline sentences for PWID and conspiracy were both 72-84 months' imprisonment. *Id.* at 6. Defense counsel agreed with the court's calculations. *Id.* at 7. The Commonwealth recited Appellant's lifelong history of crime, including over a dozen convictions between 1990 and the present, most of which were for felonies. *Id.* at 7-8.[1] The

---

[1] The Commonwealth advised that in 1990 [Appellant] was convicted of robbery; in 1991, where he was convicted of his first PWID/delivery offense; again in 1991, another PWID offense; receiving stolen property and criminal mischief in 1991;

*(Footnote Continued Next Page)*

Commonwealth stated that Appellant "is the definition of incorrigible." *Id.* at 8. The Commonwealth contended that there were no mitigating circumstances and asked the court to impose consecutive sentences at the top of the standard range. *Id.* at 9-10.

Appellant testified, *id.* at 12-21, and asked the court for mercy. *Id.* at 20. Defense counsel described Appellant as having a history of drug and alcohol problems, mental health issues, and high blood pressure that will require treatment in prison. *Id.* at 10-11. Counsel also stated that Appellant was molested as a child and suffered the loss of his mother at age nine. *Id.* Counsel requested "some type of mitigated sentence that allows [Appellant] to get the mental health and drug and alcohol treatment that he needs." *Id.* at 11.

The court imposed consecutive terms of imprisonment of 84-168 months' imprisonment for PWID and conspiracy and either concurrent

*(Footnote Continued)* ────────────

> a guilty plea for robbery in 1991; a guilty plea for burglary in 1992; a guilty plea for possession in 1993; in 1997, another burglary conviction; a possession and PWID conviction in 2000; a conviction for defiant trespass in 2006; PWID in 2007; another PWID in 2007; another PWID in 2007; and yet another PWID in 2007; crimes of violence in 2014; criminal conspiracy and PWID in 2015 . . . And then in 2020, [Appellant] was convicted of strangulation as a Felony of the Second Degree and then was paroled. In September of 2020, he was charged with the offenses that he was convicted by the jury in late 2021.

*Id.* at 8-9.

sentences or no further penalty for the remaining offenses. Defense counsel did not object to the imposition of consecutive sentences.

Appellant filed timely post-sentence motions stating, "The Court's sentence is unduly harsh given [Appellant's] circumstances, and [Appellant] would request that this Honorable Court modify the sentence imposed." Post-Sentence Motions, 2/28/22. Appellant did not challenge the weight of the evidence in his post-sentence motion. The court denied Appellant's post-sentence motions, and this timely appeal followed.

Appellant filed a Pa.R.A.P. 1925 statement raising three issues. The first two issues were objections to the sufficiency of the evidence and the weight of the evidence. The third issue stated, "The trial court erred/abused its discretion in sentencing [Appellant] as it did in that same was unduly harsh given the circumstances of the offenses and [Appellant's] history." Pa.R.A.P. Statement at ¶ 3. The court filed a Pa.R.A.P. 1925 opinion rejecting Appellant's arguments.

In this Court, defense counsel filed an **Anders** brief along with a petition to withdraw. The **Anders** brief contends that the three issues in Appellant's Pa.R.A.P. 1925 statement are frivolous.

Appellant filed a *pro se* response to the **Anders** brief in which he raised several objections to the trial proceedings.

In **Anders**, the United States Supreme Court addressed "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously

determined that there is no merit to the indigent's appeal." *Id.*, 386 U.S. at 739. California had permitted Anders' attorney to withdraw based on a simple letter stating, "I will not file a brief ... there is no merit to the appeal." Id. at 742. The Court held that California procedures violated the Fourteenth Amendment's principles of substantial equality and fair process.

Under **Anders**, in the event of a frivolous appeal, counsel may request and receive permission to withdraw without depriving the indigent defendant of his right to representation, provided certain safeguards are met. **Id.** at 741–42. Thus, counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous. **Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*). Also, counsel must provide a copy of the **Anders** brief to the appellant and inform him of his right to proceed pro se or retain different counsel. **Id.**

When, as here, counsel files an **Anders** brief and the appellant files a *pro se* response, we will first determine whether counsel has complied with the dictates of **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining procedure where counsel files **Anders** brief and appellant files *pro se* response). If counsel has complied with **Anders** and **Santiago**, we address the issues in the **Anders** Brief. **Bennett**, 124 A.3d at 333. If these issues are without merit, we examine the issues in the appellant's *pro se* reply, which we treat as an advocate's brief and review

"as we do any advocate's brief." *Id.* We examine only those issues raised and developed in the pro se reply. *Id.* "We do not act as, and are forbidden from acting as, appellant's counsel." *Id.*

Our Supreme Court held in *Santiago* that to withdraw from an appeal, counsel must file a brief pursuant to *Anders* that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. *Santiago*, 978 A.2d at 361. "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Id.* Additionally, counsel must send the appellant the *Anders* brief and petition to withdraw as well as a letter explaining that the appellant has the right to retain new counsel, proceed *pro se*, or raise any additional points. *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014).

Here, defense counsel's brief meets *Anders'* requirements. In addition, defense counsel sent Appellant his petition to withdraw and the *Anders* brief. Defense counsel's cover letter to Appellant explained that Appellant had the right to retain new counsel or proceed *pro se*. The cover letter failed to state that Appellant had the right to raise additional points. Nevertheless, Appellant filed a *pro se* response to the *Anders* brief that raised additional issues, so the omission in the cover letter did not prejudice

- 6 -

Appellant. Accordingly, we turn to the issue raised in defense counsel's ***Anders*** brief.

The ***Anders*** brief asserts that the three issues raised in Appellant's post-sentence motions—challenges to the sufficiency of the evidence, weight of the evidence, and the severity of Appellant's sentence—are frivolous. We agree.

When reviewing a sufficiency challenge, we "evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." ***Commonwealth v. Sebolka***, 205 A.3d 329, 336-37 (Pa. Super. 2019). Evidence is sufficient where the Commonwealth has proven each element of the crime beyond a reasonable doubt. ***Id.*** at 337. The Commonwealth may meet its burden "by means of wholly circumstantial evidence." ***Id.*** Additionally, the fact finder "is free to believe all, part, or none of the evidence." ***Commonwealth v. Ramtahal***, 33 A.3d 602, 607 (Pa. 2011).

The Controlled Substance, Drug, Device and Cosmetic Act defines PWID as "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." 35 P.S. § 780-113(a)(30). To sustain a conviction for PWID, "the Commonwealth must prove both the possession of the controlled substance and the intent to

- 7 -

deliver the controlled substance." ***Commonwealth v. Lee***, 956 A.2d 1024, 1028 (Pa. Super. 2008).

A person is guilty of conspiracy with another person or persons to commit a crime if[,]

> with the intent of promoting or facilitating its commission[,] he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). "[M]ere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient' to establish that a defendant was part of a conspiratorial agreement to commit the crime." ***Commonwealth v. Murphy***, 844 A.2d 1228, 1238 (Pa. 2004). "[T]he defendant's intent[,] as well as the agreement[,] is almost always proven through circumstantial evidence, such as by 'the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." ***Id.*** "Once the trier of fact finds that there was an agreement and the defendant intentionally entered into the agreement, that defendant may be liable for the overt acts committed in furtherance of the conspiracy[,] regardless of which coconspirator committed the act." ***Id.***

During trial, the Commonwealth presented the testimony of Dennis Pletcher to establish that he had met Appellant, whom he knew as "Shay," approximately two months prior to September 10, 2020. N.T., 12/6/21, at

57. He further testified that on September 10, 2020, he telephoned Appellant for the purpose of acquiring drugs. *Id.* at pp. 59-60. He then went to the motel room at the Roadway Motel where Appellant and a female companion were located. Once inside the room, he testified that he traded the Appellant methamphetamine for heroin. *Id.* at 58-61. Shortly after leaving the room, he was stopped by Logan Township police officers with the heroin on his person, and he ultimately told them what occurred in the motel room. *Id.* at 63-64.

The Commonwealth also presented the testimony of Cynthia Wissinger. While she did not see the Appellant deliver any drugs to Pletcher, she testified that she was in the motel room with Appellant on September 10, 2020. *Id.* at 87-88, 96-97. Pletcher came to the motel room that day and he and Appellant entered the bathroom. *Id.* at 88-90. Shortly after the two came out of the bathroom, Pletcher asked Appellant "if he could do a bag or two," to which Appellant replied, "Not in front of my girl; go to the bathroom." Pletcher went into the bathroom, and he later left the motel room.

Officers Justin Hollern and Tyler McClellan of the Logan Township Police Department testified for the Commonwealth that they conducted a traffic stop of Pletcher's motorcycle on September 10, 2020, following its departure from the Roadway Motel. *Id.* at 38-39, 101-03. During the traffic stop, they asked Pletcher for consent to search and, as a result of the subsequent search, they recovered suspected methamphetamine and heroin.

*Id.* at 40, 104-05.  Pletcher told the officers that he had obtained the heroin at the Roadway Inn from an individual he knew as "Shay."  *Id.*  The officers traveled to the Roadway Inn, detained Appellant, and obtained a search warrant for his room.  The officers found suspected heroin and drug paraphernalia during a search of the motel room and found suspected methamphetamine on Appellant's person.  A subsequent analysis by the Pennsylvania State Police Crime revealed that the suspected heroin was in fact heroin.

Appellant was the lone defense witness.  He claimed that he bought methamphetamine from Pletcher in exchange for $20.00 and a puppy.  *Id.* at 183-90.  He also claimed that the paraphernalia found in his motel room was for bagging jewelry instead of drugs.  *Id.*  He insisted that he did not sell heroin to Pletcher.

This evidence, viewed in the light most favorable to the Commonwealth, clearly establishes all elements of PWID and conspiracy.  The record supports defense counsel's assessment that an appeal of this issue is wholly frivolous.

The next issue in Appellant's Pa.R.A.P. 1925 statement, a challenge to the weight of the evidence, is waived because it was not raised at sentencing or in post-sentence motions.  ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).  Even if Appellant had preserved this issue for appeal, the record demonstrates that it is frivolous.  We review a challenge to the weight of the evidence for an abuse of discretion.  ***Commonwealth v.***

*Johnson*, 192 A.3d 1149, 1152-53 (Pa. Super. 2018). "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015)). To succeed on a weight claim, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial] court." *Id.* at 546. Given the strength of the Commonwealth's evidence and the lack of credibility in Appellant's testimony, an appeal challenging the weight of the evidence is frivolous.

The third and final claim in Appellant's Pa.R.A.P. 1925 statement is that Appellant's sentence is "unduly harsh given the circumstances of the offenses and [Appellant's] history." Pa.R.A.P. 1925 Statement at ¶ 3. A claim that Appellant's sentence is "harsh [under] the circumstances" is a challenge to the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. *Dempster*, 187 A.3d at 272. Rather, Appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A.

§ 9781(b).  *Id.*  Here, Appellant filed a timely notice of appeal and preserved this issue in his post-sentence motions.  Arguably, however, Appellant failed to satisfy the third and fourth prongs of this test, because the Rule 2119(f) section of Appellant's *Anders* brief states that Appellant's sentence is not manifestly excessive "because the trial court considered a number of factors in fashioning his sentence," *Anders* Brief at 12, and because we have held that bald claims of harshness do not state a substantial question.  *Dempster*, 187 A.3d at 272 n.6.  Even if we overlook these defects, however, Appellant's claim of harshness is frivolous under the circumstances of this case.  In essence, this issue appears to be a claim that the trial court imposed lengthy consecutive sentences by overlooking mitigating circumstances, such as Appellant's drug and alcohol problems, mental health issues, and high blood pressure.  However, where the judge has the benefit of a presentence investigation report, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006).  The court in this case stated that it had reviewed a presentence investigation.  Moreover, Appellant testified at length about these matters prior to sentencing.  Furthermore, it is important to remember that the court sentenced Appellant within the standard guidelines for PWID and conspiracy.  While the standard range was 84 months for each offense, this was because of Appellant's lengthy criminal history.

- 12 -

Since the court carefully reviewed Appellant's presentence investigation, heard from defense counsel and Appellant at sentencing, and sentenced Appellant within the standard guidelines despite his thirty-year list of serious crimes, we cannot say that Appellant's sentence was excessive.

Next, we turn to the claims in Appellant's *pro se* response to the **Anders** brief. First, Appellant claims that Pletcher lied when he told the police officers that he purchased heroin from Appellant. The jury heard and rejected Appellant's testimony that he did not sell heroin to Pletcher. This finding was within the jury's province as factfinder, and we will not overturn it.

Next, Appellant claims that the police entered his hotel room without an arrest warrant. No arrest warrant was necessary to enter the hotel room. Instead, the police properly entered the room after obtaining a *search* warrant from an issuing authority. Following their entry, they discovered drugs and paraphernalia in the room and on Appellant's person, evidence which gave them probable cause to arrest Appellant.

Finally, Appellant complains that he was held for court at his preliminary hearing solely on the basis of hearsay evidence in violation of **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020). Appellant has waived this claim because the preliminary hearing transcript is not included in the certified record. **Commonwealth v. Houck**, 102 A.3d 443, 456 (Pa. Super. 2014). Even if we assume that the Commonwealth only presented hearsay evidence at the preliminary hearing, any prejudice was cured at

trial, where the Commonwealth presented abundant non-hearsay evidence in support of its case. ***Commonwealth v. Rivera***, 255 A.3d 497, 503 (Pa. Super. 2021) ("the Supreme Court did not intend to extend ***McClelland's*** holding to cases such as this one, where the complained-of defect in the preliminary hearing is subsequently cured at trial").

After conducting a full examination of all the proceedings as required pursuant to ***Anders***, we find no non-frivolous issues to be raised on appeal. We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2022