**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LAWRENCE TADLOCK | : | |
| | : | |
| Appellant | : | No. 1537 WDA 2021 |

Appeal from the Judgment of Sentence Entered January 19, 2012
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001921-2011

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: DECEMBER 14, 2022**

Michael Lawrence Tadlock appeals, *nunc pro tunc*, from the judgment of sentence imposed on January 19, 2012, in the Erie County Court of Common Pleas, following his guilty plea to one count of involuntary deviate sexual intercourse (IDSI) with a child.[1] Contemporaneous with this appeal, Appellant's counsel, Tina M. Fryling, Esquire, has filed a petition to withdraw from representation and an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The *Anders* brief presents two claims, challenging the discretionary aspects of Appellant's sentence, and the voluntariness of his plea.[2] For the reasons

---

[1] 18 Pa.C.S. § 3123(b).

[2] The Commonwealth filed a letter in response, noting it did not intend to file a brief.

below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant facts and procedural history underlying this appeal are as follows. On July 9, 2010, Appellant was interviewed by a Pennsylvania State Trooper after he disclosed to hospital staff at St. Vincent Health Center that he had sexually abused his daughter, M.J.T., when she was eight years old.[3] *See* Affidavit of Probable Cause, 6/7/11, at 1; Criminal Information, 8/25/11, at 1 (unpaginated). Appellant surrendered his computer to the trooper so that it could be searched for child pornography; "[t]hat investigation resulted in [f]ederal charges[.]" Affidavit of Probable Cause at 1. Appellant was subsequently charged in Erie County with IDSI with a child, indecent assault, endangering the welfare of children, and corruption of minors.[4] *See* Criminal Information at 1-2 (unpaginated).

On September 9, 2011, Appellant, represented by Kevin Kallenbach, Esquire, entered a guilty plea to one count of IDSI, in exchange for which the Commonwealth agreed to nol pros the remaining charges. *See* Appellant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 9/9/11.[5]

---

[3] The abuse occurred between March of 2009 and July of 2010. *See* Criminal Information at 1 (unpaginated).

[4] 18 Pa.C.S. §§ 3126(a)(7), 4304, 6301(a)(1).

[5] As we will discuss *infra*, the notes of testimony from Appellant's guilty plea and sentencing hearing were never transcribed, and are now, unavailable. *See* Order, 12/1/21, at 2 n.2 ("Hearings in this matter are unable to be

There was no agreement as to sentencing. That same day, the trial court ordered that Appellant undergo an assessment by the Sexual Offenders Assessment Board to determine if he met the criteria for classification as a sexually violent predator (SVP) under the then applicable Megan's Law.[6] Appellant's sentencing hearing was scheduled for December 19, 2011.

On December 15, 2011, Attorney Kallenbach filed a motion to continue the sentencing hearing. *See* Appellant's Motion to Continue Sentencing, 12/19/11. He averred that Appellant "has remained under a federal hold since July of 2010[,]" and was sentenced for the federal charges and "moved from the Erie County Prison" to a federal prison on December 9th. *Id.* Attorney Kallenbach requested a new sentencing date so that "[a]rrangements" could be made to transport Appellant from federal prison to Erie County. *Id.* The trial court granted the motion, and rescheduled Appellant's sentencing/SVP hearing to January 19, 2012.

Following the January 19th hearing, the trial court sentenced Appellant to serve a term of 180 to 360 months' imprisonment, "consecutive to the Federal Sentence [he was] currently serving." Sentencing Order, 1/19/12.

---

transcribed due to the age of the case."); *Anders* Brief at 2 n. 1 (noting that the transcripts were not available "according to the Erie County Court Reporter's Office").

[6] *See* 42 Pa.C.S. § 9791-9799.9 (expired). Megan's Law was subsequently replaced by the Sexual Offender's Registration and Notification Act (SORNA), which will determine Appellant's registration requirements upon his release from prison. *See* 42 Pa.C.S. § 9799.54.

The same day the court determined that Appellant met the criteria for classification as an SVP.  **See** SVP Order, 1/19/12.  Appellant did not file a direct appeal.

On August 27, 2021, Appellant filed a *pro se* petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA).[7]  He claimed that on August 16, 2021, he learned for the first time that Attorney Kallenbach did not file either a post-sentence motion to withdraw his plea or a direct appeal as he had requested.  **See** Appellant's Petition for Post Conviction Relief, 8/27/21, at 2 (unpaginated).  In an attached affidavit, Appellant averred the following: (1) on or about January 21, 2012, he sent Attorney Kallenbach a letter asking him to withdraw the "plea for lack of understanding the consequences[;]" (2) Appellant also asked counsel to file a direct appeal; (3) although he attempted to keep in touch with his attorney, he was transferred numerous times to different federal and state prisons; and (4) on August 16, 2021, he received a letter from the Chief Public Defender informing him that no appeal had been filed, and Attorney Kallenbach was no longer practicing law.  **See** Affidavit of Appellant, 8/23/21, at 2-3 (unpaginated).

On September 1, 2021, the PCRA court granted Appellant's request for relief and reinstated his post-sentence and direct appeal rights.  Order, 9/1/21.  The court subsequently appointed Tina Fryling, Esquire to represent him and directed Attorney Fryling to file a post-sentence motion within 15

---

[7] 42 Pa.C.S. §§ 9541-9546.

days. Amended Order, 9/7/21. Thereafter, Attorney Fryling requested an extension of time because the transcripts had "not yet been prepared." Appellant's Petition for Extension of Time Within Which to File Post Sentence motion, 9/17/21, at 1 (unpaginated). She also filed a motion for transcription of the proceedings. That same day, the trial court entered two orders: (1) directing the Office of Court Stenographers to file a copy of "all transcripts of all proceedings" for Appellant and to notify counsel when the transcript is filed; and (2) extending the deadline for Appellant to file a post-sentence motion to "15 days after the transcript of the proceedings is filed by the Office of Court Stenographers" and counsel is notified in writing. Orders, 9/17/21.

Appellant filed a post-sentence motion on November 18, 2021. He averred he did "not have the benefits of the transcripts, which were requested but are not available due to the age of the case, according to the Erie County Court Reporter's Office." Appellant's Post Sentence Motion, 11/18/21, at 1 (unpaginated). Regardless, Appellant presented the following two claims: (1) a challenge to the voluntariness of his plea because counsel "did not properly advise him of the possible ramifications of his sentence, and he was unaware [of] the impact his federal sentence would have" on his state sentence; and (2) an assertion that his sentence was "manifestly excessive and clearly unreasonable . . . considering the lengthy [federal] sentence" he received. *Id.* at 1-2 (unpaginated).

On December 1, 2021, the trial court denied Appellant's post-sentence motion. *See* Order 12/1/21. This timely appeal follows.[8] On December 28, 2021, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Counsel timely complied but filed a statement of intent to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). The trial court's subsequent opinion refers this Court to the reasons set forth in its December 1st order. *See* Trial Ct. Op., 1/20/22.

When, as here, counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal

_____

[8] On March 10, 2022, this Court issued Appellant a rule to show cause why the appeal should not be quashed as untimely. *See* Order, 3/10/22. We noted that, pursuant to the trial court's September 17, 2021, order, Appellant was required to file a post-sentence motion within 15 days of the date the transcripts were filed. *See id.* However, because the docket did not indicate that transcripts were ever filed in the trial court, we were unable to determine if the post-sentence motion was timely filed.

Attorney Fryling filed a response, explaining that she inquired as to the status of the transcripts on November 14, 2021, "via an email to the Erie County Court Reporter's Office[.]" Attorney Fryling's Response to Show Cause Order, 3/16/22. She explained that she received a response the next day "that the transcripts were no longer available." *Id.* She then filed Appellant's post-sentence motion on November 18th. This Court subsequently discharged the show cause order. Order, 4/11/22. Under these circumstances, we conclude Appellant's post-sentence motion and subsequent notice of appeal were timely filed.

must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, counsel must also:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting Santiago*, 978 A.2d at 361.

In the present case, the brief and petition to withdraw filed by Attorney Fryling comply with the requirements of *Anders* and *Santiago*. *See Cartrette*, 83 A.3d at 1032. Moreover, Attorney Fryling has provided this Court with a copy of the letter she sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points for this Court's attention. *See* Attorney Fryling's letter to Appellant, 4/22/22. Appellant has not filed a response. Therefore, we proceed to examine the issues identified in the *Anders* brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous[.]" *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted). If we agree with counsel's

assessment, "[we] may grant counsel's request to withdraw and dismiss the appeal[.]" *Id.* (citation omitted).

The *Anders* brief identifies two potential claims for our review:

(1)     Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by law, especially in that the sentence did not take into account the fact that [Appellant] had a federal sentence in addition to this sentence?

(2)     Was [Appellant's] plea entered knowingly and voluntarily and should he have been able to withdraw his plea between entering it and being sentenced?

*Anders* Brief at 1 (some capitalization omitted).

Preliminarily, we emphasize that our review of this appeal is severely hampered due to the lack of transcripts from Appellant's guilty plea and sentencing hearings. Although we recognize Appellant is not to blame for this circumstance, we note that he has not provided a statement in the absence of the transcript pursuant to Pa.R.A.P. 1923, or an agreed statement of record pursuant to Pa.R.A.P. 1924.[9] Furthermore, our Supreme Court has explained,

_____

[9] Pursuant to Rule 1923:

If . . . a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923.

"even when notes of testimony are properly ordered, the absence of notes does not generate some instantaneous, meritorious claim for relief." ***Commonwealth v. Lesko***, 15 A.3d 345, 410–11 (Pa. 2011). With this in mind, we consider the issues identified in Appellant's ***Anders*** brief.

The first issue identified challenges the discretionary aspects of Appellant's sentence. It is well established that such a challenge does not entitle an appellant to "review as of right." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (citation omitted).

Here, Appellant properly preserved his claim in a timely filed, *nunc pro tunc*, post-sentence motion before the trial court, and a timely appeal before

---

Rule 1924 further provides that "the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented[,]" which is then submitted to the trial court for approval. Pa.R.A.P. 1924.

this Court. Moreover, the **Anders** brief includes the requisite Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal in his brief. **See Anders** Brief at 3-4. Accordingly, we must now consider whether Appellant's claim presents a substantial question justifying our review.

An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Conte**, 198 A.3d 1169, 1174 (Pa. Super. 2018) (citation omitted). In the present case, Appellant argues that the trial court "could have served the goals of protection of the public, incapacitation, and rehabilitation without such a lengthy sentence" and could have run his state sentence concurrently, rather than consecutively, to his federal sentence. **Anders** Brief at 4. We conclude Appellant has not presented a substantial question.

Appellant's minimum sentence of 180 months' imprisonment fell within the standard range of the sentencing guidelines. **See** Guideline Sentence Form, 1/19/12 (standard range was 120 to 240 months' imprisonment). Pursuant to Section 9781 of the Sentencing Code, an appellate court should vacate a standard range sentence only if "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). Here, while Appellant invokes the language of 42 Pa.C.S. § 9721(b) — which requires a court to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the

- 10 -

victim and on the community, and the rehabilitative needs of the defendant" when imposing a term of imprisonment[10] — he presents no reason why the court did not comply with Section 9721 when imposing his standard range sentence, except for the fact that he was already serving a term of imprisonment for federal charges. *See Anders* Brief at 4; Appellant's Post Sentence Motion at 2 (unpaginated). However, the trial court clearly considered the federal sentence because it ordered the sentence in the present case to run consecutively to Appellant's federal sentence. We conclude this claim does not present a substantial question that Appellant's "sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Conte*, 198 A.3d at 1174.

Furthermore, to the extent Appellant argues the trial court abused its discretion when it directed that the present sentence run consecutively to his federal sentence, that claim was not raised in his post-sentence motion. Indeed, Appellant's post-sentence motion presented the following sentencing claim:

> [Appellant] asserts that his sentence was manifestly excessive and clearly unreasonable and that a lower period of incarceration would have served the purposes of punishment, rehabilitation, and protection of the community, especially considering the lengthy sentence he was serving at his federal docket.

---

[10] 42 Pa.C.S. § 9721(b).

- 11 -

Appellant's Post Sentence Motion at 2 (unpaginated). Therefore, Appellant did not preserve his challenge to the imposition of consecutive, rather than concurrent, sentences. *See Caldwell*, 117 A.3d at 768.

Nevertheless, even if Appellant had preserved the claim, we would, again, conclude he failed to present a substantial question for our review. It is well-settled that "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." *Caldwell*, 117 A.3d at 769. Rather,

> [A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Id.* (citation omitted). As explained above, Appellant's bald claim that the sentence was "manifestly excessive and clearly unreasonable" is simply insufficient to raise a substantial question for our review. *See* Appellant's Post Sentence Motion at 2 (unpaginated). Accordingly, Appellant is entitled to no relief on the sentencing claim presented in his *Anders* brief.

The second issue identified in the *Anders* brief challenges the voluntariness of Appellant's guilty plea. Appellant asserts that he "did not know all of the ramifications of his plea when he entered it" — particularly,

the impact of his federal sentence[11] — and "he requested that his attorney allow him to withdraw his plea after it was entered and before sentencing." *Anders* Brief at 7.

The decision whether to permit a defendant to withdraw a guilty plea lies with the trial court. *See Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019). While a defendant has "no absolute right to withdraw a guilty plea[,] the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). A pre-sentence request to withdraw is granted liberally when the defendant "has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Culsoir*, 209 A.3d at 537 (citation omitted). However:

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can

---

[11] We note that in the *Anders* brief, Attorney Fryling claims that Appellant "provided no specifics as to . . . what facts he might have been unaware of at the time of this plea that would have resulted in him not having entered his plea knowingly or voluntarily." *Anders* Brief at 8. However, in the post-sentence motion she filed on his behalf, Attorney Fryling asserted that Appellant claimed "he was unaware at the time of his plea as to the impact his federal sentence would have on his [state] sentence[.]" Appellant's Post Sentence Motion at 1-2 (unpaginated).

> demonstrate that his guilty plea was entered involuntarily,
> unknowingly, or unintelligently.

*Id.* (citations & quotation marks omitted). Moreover, we presume "a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Hart*, 174 A.3d at 665 (citation omitted).

First, the record does not support Appellant's claim that he requested counsel to withdraw his plea **before** sentencing. There was no pre-sentence motion to withdraw filed, and any claim that he had requested plea counsel to do so should be raised in a PCRA petition.[12] *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (absent limited circumstances not applicable here, "claims of ineffective assistance of counsel are to be deferred to PCRA review").

With respect to his post-sentence request to withdraw his plea, the record does not support his claim that he was unaware of the ramification of his federal sentence at the time he entered his plea. As noted *supra*, there is no transcript from the guilty plea colloquy. Moreover, both Appellant and plea counsel were aware of the federal sentence **before** his sentencing hearing in the present case. Indeed, counsel requested a continuance of the sentencing hearing because Appellant had been transported to a federal

---

[12] We note that in the affidavit attached to his PCRA petition, Appellant averred that he requested Attorney Kallenbach "to withdraw [his] plea for lack of understanding the consequences" on January 21, 2012, **after** his sentencing hearing. Affidavit of Appellant at 2 (unpaginated).

prison.  **See** Appellant's Motion to Continue Sentencing.  Moreover, in the affidavit attached to his August 2021 PCRA petition, Appellant averred that on January 15, 2012 — four days before his sentencing hearing — "via video conference, [he] inquired about how [his] State sentence would affect [his] Federal sentence and vice-versa."  Affidavit of Appellant at 2 (unpaginated).  Notably, he did **not** aver that plea counsel failed to inform him that the court could direct the sentences to run consecutively.  Thus, to the extent Appellant now argues plea counsel failed to properly inform him of the ramifications of his federal sentence, we conclude such a claim must be raised in a timely PCRA petition.  **See Holmes**, 79 A.3d at 576.  The testimony of both Appellant and plea counsel is essential to determine the legitimacy of this claim.  Thus, no relief is warranted at this time.

Moreover, our independent review of the record reveals no non-frivolous issues to be raised on appeal.  Accordingly, we grant Attorney Fryling's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/14/2022