J-S47010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REGINALD TROY WILLINGHAM | : | |
| | : | |
| Appellant | : | No. 1864 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 8, 2024
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000565-2022

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED FEBRUARY 12, 2026**

Reginald Troy Willingham appeals from the judgment of sentence imposed on May 8, 2024, for his convictions of driving under the influence of a controlled substance ("DUI"), fleeing or attempting to elude police officer, receiving stolen property, five counts of recklessly endangering another person ("REAP"), two counts of accident involving damage to attended vehicle, and one count of criminal mischief.[1] Willingham's counsel has filed an application to withdraw as counsel, along with a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) ("***Anders*** brief"). We grant counsel's petition to withdraw as counsel and affirm the judgment of sentence.

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(2), 3733(a), 18 Pa.C.S.A. §§ 3925(a), 2705, 75 Pa.C.S.A. § 3743(a), and 18 Pa.C.S.A. § 3304(a)(5), respectively.

We obtained the following factual and procedural history from the certified record. On January 5, 2022, Jenilla Hall reported her vehicle, a 2003 red Hyundai Elantra, stolen. On January 9, 2022, police received notification from a license plate reader that the stolen Elantra was in Chester County. Officer Joshua Cumens of the Westtown East Goshen Regional Police Department received the alert and proceeded to the area where the stolen Elantra was last seen. He observed the stolen Elantra pull into Rams Diner and followed the car. Upon parking, the driver, later identified as Willingham, exited the stolen Elantra and looked at Officer Cumens, who had activated his emergency lights on his patrol vehicle. Willingham immediately got back into the stolen Elantra and drove over a grassy area to flee from Officer Cumens.

Around the same time, Sergeant Robert Gilbert saw Officer Cumens pull into the diner and activate his lights. Sergeant Gilbert saw the stolen Elantra drive over the grass and onto the road. Sergeant Gilbert pursued the stolen Elantra. The pursuit lasted approximately 30 minutes and covered about 18 miles. During this time, Willingham drove on the wrong side of the road, crossed over the center median multiple times, ran red lights and stop signs, and hit two cars that were stopped at a red light. Willingham almost hit two police cruisers as well when he was trying to avoid spike strips police were deploying to attempt to stop him. The pursuit ended when the stolen Elantra became disabled. Willingham was removed from the vehicle and taken into custody.

Police observed signs of drug impairment and Willingham admitted to smoking crack cocaine. During the transport to the police station, Willingham slumped over in the back seat; upon this occurrence, the police instead transported Willingham to a local hospital because they were concerned Willingham was overdosing on opioids.

Prior to trial, Willingham was released on bail. A trial date was set during that hearing. Willingham failed to appear on the date set for trial, January 18, 2023. Around 10:30 a.m. on January 18, 2023, Willingham called his attorney regarding trial. Counsel was in court at this time and informed the trial court that Willingham believed trial was set for another date. Counsel asked for a continuance, but the trial court denied the motion. The trial court did agree to a recess until that afternoon to allow Willingham time to get to court.

That afternoon, Willingham did not appear. The court held an absentia hearing and found Willingham was aware of the trial date, was absent without cause and that his absence was willful. The court permitted trial to begin. Later that day, a jury was selected, but no witnesses testified. Trial continued in Willingham's absence on January 19, 2023 and January 20, 2023. At the conclusion of trial, the jury found Willingham guilty of all charges. Willingham did not appear during the three days of trial. The trial court issued a bench warrant for Willingham's arrest after the verdict was recorded.

Willingham was eventually arrested on the bench warrant. On May 8, 2024, with Willingham present, the trial court sentenced Willingham to an

aggregate 5-10 years' incarceration to be followed by two years' probation. Willingham filed a motion for reconsideration of sentence, which was denied on June 12, 2024. Around this time, Willingham started to file *pro se* Post-Conviction Relief Act ("PCRA") petitions. Counsel was initially appointed to represent Willingham on the PCRA petitions. However, after a hearing, that appointment was withdrawn along with the PCRA petitions. The court thereafter appointed current appellate counsel and a timely notice of appeal was filed.[2]

The trial court ordered current counsel to file a Rule 1925(b) statement and counsel sought multiple extensions of time to file the statement, as he had been recently appointed. After receiving trial transcripts, counsel filed a statement of intent to file an **Anders** brief on February 19, 2025. **See** Pa.R.A.P. 1925(c)(4). The trial court filed its Rule 1925(a) opinion on February 24, 2025. **See** Pa.R.A.P. 1925(a).

On March 3, 3025, Willingham filed a request to proceed *pro se* with this Court. On March 17, 2025, this Court remanded the matter to the trial court to hold a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) ("**Grazier** hearing"). After the **Grazier** hearing on April 29, 2025, the trial court found Willingham's waiver of counsel knowingly, intelligently, and

---

[2] Willingham also filed a *pro se* notice of appeal that this Court docketed at 1800 EDA 2024. That appeal was discontinued as duplicative on August 2, 2024.

voluntarily entered and removed current counsel. However, on July 15, 2025, Willingham filed an application for appointment of counsel. This Court, on August 6, 2025, reappointed current counsel to represent Willingham.

Thereafter, current counsel filed the instant **Anders** brief in this Court. Willingham filed a *pro se* response to the **Anders** brief. Before we turn to the merits of Willingham's claims, we must first determine if counsel complied with the dictates of **Anders** and its progeny.

This Court has detailed counsel's requirements as follows:

To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the **Anders** brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights.

Further, an **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

- 5 -

controlling case law, and/or statutes on point that
have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056 (Pa. Super. 2025) (brackets

and citation omitted).

Because Willingham has filed a response to counsel's *Anders* brief, our

review is slightly different. First, we must determine if counsel has complied

with the dictates of *Anders* and its progeny, just as we would if Willingham

had not filed a response. However, because Willingham filed a *pro se*

response, we will not review the entire record to determine if the appeal is

wholly frivolous. *See Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa.

Super. 2015). We will review the issues raised in the *Anders* brief and in

Willingham's *pro se* response. *See id.* ("Therefore, when an appellant, either

acting *pro se* or through private counsel, files a response to the *Anders* brief,

our independent review is limited to those issues raised in the *Anders* brief.

We then review the subsequent *pro se* or counseled filing as we do any

advocate's brief.").

We have determined that counsel has substantially complied with the

dictates of *Anders* and its progeny. Counsel filed a petition with this Court

requesting to withdraw as counsel. Within that petition, counsel indicated he

has made a conscientious examination of the record and determined the

appeal is frivolous. *See* Application to Withdraw as Counsel, at 4 (pagination

added for ease of reference). Attached as an exhibit is a letter sent to

Willingham. *See id.* at Exhibit B. Counsel included a copy of the petition to

withdraw and **Anders** brief with the letter sent to Willingham. **See id.** Counsel advised Willingham that he may retain new counsel or file a *pro se* response with this Court. **See id.**

In counsel's **Anders** brief, counsel provided the procedural and factual history. **See Anders** brief, at 8-11. Counsel referred to the issues which may arguably support the appeal, determined the issues were frivolous, and detailed the reasons in support of his decision. **See id.** at 13-18. Counsel provided the relevant statutes and cases on point. **See id.**

We therefore begin our review with counsel's two issues: ineffective assistance of counsel and an illegal sentence.

Counsel first notes that Willingham wishes to raise claims of trial counsel's ineffectiveness. **See Anders** Brief, at 13-14. We have held:

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. **See Commonwealth v. Holmes**, [] 79 A.3d 562, 577-80 ([Pa.] 2013). Instead, such claims are to be deferred to PCRA review. However, our Supreme Court has recognized three exceptions to the general rule. In **Holmes**, the Court held that a trial court has discretion to address ineffectiveness claims on direct review cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. **Id.** at 563-63. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, [] 183 A.3d 352, 361 ([Pa.] 2018).

*Commonwealth v. James*, 297 A.3d 755, 760-61 (Pa. Super. 2023).

Our review of the record confirms that none of the three exceptions apply here. Therefore, counsel is correct that Willingham's claims of ineffective assistance of counsel must wait until collateral review.

Next, counsel labels the argument section "illegal sentence," but notes that Willingham only wishes to argue the trial court did not "adequately consider his rehabilitative needs at sentencing." *Anders* Brief, at 15. As pointed out by counsel, this raises a discretionary aspects of sentencing claim and not an illegal sentence challenge. *See id.* at 15-16; *Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019).

The following standard applies to a discretionary aspects of sentencing claim:

> Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:
>
> > (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Dortch*, 343 A.3d 298, 310 (Pa. Super. 2025) (citations omitted).

Here, Willingham's appeal was timely filed, and he preserved his issue in a post-sentence motion requesting a modification of his sentence. However, the brief does not include a Rule 2119(f) concise statement of the reasons relied upon for allowance of appeal nor was a substantial question presented for our review. Nevertheless, because this is an **Anders** brief, we will excuse the failure to file a Rule 2119(f) statement and review the claim. **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015).

The standards regarding a challenge to the discretionary aspects of sentencing are well established.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Dortch**, 343 A.3d at 310 (quotation marks and citations omitted). Furthermore, when the sentencing court had the benefit of a pre-sentence investigation ("PSI"), "we shall presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Id.** at 311 (internal quotation marks, ellipsis, and citation omitted).

Here, the trial court had the benefit of a PSI and sentenced Willingham to a standard range guideline sentence. Our review of the record has not uncovered any abuse of discretion in the trial court's sentence. We therefore

agree with counsel that these claims are frivolous and grant his request to withdraw as counsel.

We now turn to Willingham's *pro se* response. Willingham raises one claim, specifically ineffective assistance of counsel. **See** *Pro Se* Response, at 1-2. He requests an evidentiary hearing on his claim. **See id.**

Willingham has not raised any of the exceptions noted above to allow us to hear ineffective assistance of counsel claims on direct appeal. **See James**, 297 A.3d at 760-61. His ineffectiveness claim must wait for collateral review. As such, this appeal is wholly frivolous and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026